378 So.2d 797 (1979)
Willie Lee JONES, Appellant,
v.
STATE of Florida, Appellee.
No. OO-28.
District Court of Appeal of Florida, First District.
December 4, 1979.
Rehearing Denied January 24, 1980.
Michael J. Minerva, Public Defender, and Terry P. Lewis, Special Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and A.S. Johnston, Asst. Atty. Gen., for appellee.
PER CURIAM.
The most significant issue on this appeal from a second degree murder conviction is whether the trial court erred in restricting voir dire examination of prospective jurors by appellant's counsel. Meaningful voir dire examination of prospective jurors, by the court and by counsel, is assured by Fla.R.Crim.P. 3.300(b). See also Barker v. Randolph, 239 So.2d 110 (Fla. 1st DCA 1970), cert. den., 242 So.2d 137; Poole v. State, 194 So.2d 903 (Fla. 1967). Subject to the trial court's control of unreasonably repetitious and argumentative voir dire questioning, counsel must have an opportunity to ascertain latent or concealed prejudgments *798 by prospective jurors which will not yield to the law as charged by the court, or to the evidence. For that purpose counsel must be permitted to inquire of prospective jurors concerning their willingness and ability to accept the court's charge in a criminal case concerning the presumption of innocence, the state's burden of proof in respect to each element of the offense charged, and the defendant's right not to testify, if the court has not first thoroughly examined the prospective jurors on those subjects. Here, though it is evident some restriction was imposed on defense counsel's inquiry concerning those matters, the record neither contains nor fully reconstructs the court's initial examination of the panel. The trial court stated that "the questions proffered were covered adequately by the Court's general questioning to the jury... ." In the absence of a clearer record, we can find no error in the restrictions imposed.
There was no error in the court's failure to make a written finding of appellant's competency, that having been waived, Hatchell v. State, 328 So.2d 874 (Fla. 1st DCA 1976), cert. den., 339 So.2d 1169; or in excluding defendant's proffered expert psychiatric testimony not tending to establish the defendant's insanity. Tremain v. State, 336 So.2d 705 (Fla. 4th DCA 1976), cert. den., 348 So.2d 954 (Fla. 1977).
AFFIRMED.
ROBERT P. SMITH, Jr., Acting C.J., and BOOTH and SHIVERS, JJ., concur.