**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John Peircell Kearfott MILLER,**
**Defendant-Appellant.**

**No. 84–3283.**

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 19, 1985.

Thomas S. Keith, Federal Public Defender, Pensacola, Fla., for defendant-appellant.

Stephen P. Preisser, Asst. U.S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.

---

**PER CURIAM:**

The sole issue before this court is whether the trial court abused its discretion in not asking potential jurors the defense's proposed voir dire question concerning burden of proof, presumption of innocence, and reasonable doubt.

## I. Background

Following a jury, trial appellant was convicted of mail fraud, 18 U.S.C. § 1341, and wire fraud, 18 U.S.C. § 1343. In selecting the jury for this case, the defense requested the court to ask prospective jurors the following question:

If selected as a juror in this case, I will eventually instruct you on the law you must apply in reaching your verdict. Among other things, I will instruct you that the defendant must be presumed innocent until and unless the government meets its burden of proving the defendant's guilt beyond and to the exclusion of every reasonable doubt. The burden of proof is entirely upon the government and the defendant is not required to prove his innocence. Do any of you object or disagree with these principles of law and believe that you could not apply or follow them?

Over defense counsel's objection, the court declined to ask this question. During voir dire the court did propound the following questions:

THE COURT: Do any of you have any kind of bias or prejudice of any kind that would keep you from being fair and impartial as a juror, if selected to serve? I mean by "a fair and impartial juror," a juror who can and will be able to base the verdict in this case purely on the evidence as it comes to the jury from the witness stand in the case, and on the law as the Court gives it to you in the charge? Do any of you have any kind of bias or prejudice that would keep you from being that kind of juror?

Prospective jurors responded negatively.

THE COURT: If you are selected to serve as a juror, could and would you be a fair and impartial juror?

THE COURT: It will be your obligation as jurors, if selected, to follow the law as the Court gives it to you without regard to personal feelings about the law, one way or the other. Are you in a position that you would be able to do that?

Prospective jurors responded affirmatively.[1]

At the close of the trial the court instructed the jury on burden of proof, presumption of innocence, and reasonable doubt.

Appellant contends that the trial court abused its discretion by refusing to either ask defendant's proposed question or an alternate question that might have revealed a juror's disagreement with the principles of presumption of innocence, burden of proof, and reasonable doubt. Appellant claims this omission prevented him from fairly executing his preemptory challenges.

## II. Discussion

■ The purpose of voir dire examination is to allow the government and the defendant to evaluate and select an impartial jury capable of fairly deciding the issues presented by applying the law as instructed by the court to the facts as produced during the trial. *United States v. Shavers,* 615 F.2d 266, 268 (5th Cir.1980).[2] The conduct of the voir dire examination is governed by Fed.R.Crim.P. 24(a) which provides:

The court may permit the defendant or his attorney and the attorney for the

---

1. The court also asked the potential jurors questions concerning their knowledge of the defendant's business, their familiarity with the parties and with any of the government's witnesses, their prior experience as jurors, their association and friendships with members of various law enforcement agencies, whether any of them had been the victim of what they considered to be a fraudulent activity regarding a business enterprise, and whether any of them had been a witness in a criminal proceeding.

2. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

government to conduct the examination of prospective jurors or may itself conduct the examination. In the latter event the court shall permit the defendant or his attorney and the attorney for the government to supplement the examination by such further inquiry as it deems proper or shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper.

This rule allows the trial judge wide discretion. As we stated in *United States v. Vera,* 701 F.2d 1349 (11th Cir.1983):

> The method of conducting the voir dire is left to the sound discretion of the trial court and will be upheld unless an abuse of discretion is found. *United States v. Butera,* 677 F.2d 1376, 1383 (11th Cir. 1982), [*cert. denied,* 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983) ]; *United States v. Brooks,* 670 F.2d 148, 152 (11th Cir.), [*cert. denied,* 457 U.S. 1124, 102 S.Ct. 2943, 73 L.Ed.2d 1339 (1982) ]. The voir dire conducted by the trial court need only provide "reasonable assurance that prejudice will be discovered if present." *United States v. Holman,* 680 F.2d 1340, 1344 (11th Cir.1982); *United States v. Delval,* 600 F.2d 1098, 1102 (5th Cir.1979); *United States v. Nell,* 526 F.2d 1223, 1229 (5th Cir.1976).

*Id.* at 1355.

The case before us is not one of first impression. Rather, the precise issue raised in this case was decided by the former Fifth Circuit in *United States v. Ledee,* 549 F.2d 990 (5th Cir.1977), *cert. denied,* 434 U.S. 902, 98 S.Ct. 297, 54 L.Ed.2d 188 (1977). In *Ledee,* the trial court refused the defense's request to ask prospective jurors whether they accepted the principles of burden of proof, presumption of innocence, and reasonable doubt. Instead, the court asked the prospective jurors whether they had any reason to believe that they "could not follow the law as stated by the Court, whether [they disagreed] with the law or not." *Id.* at 992. At the close of the case, the court instructed the jurors on burden of proof, presumption of innocence, and reasonable doubt. The court of appeals held that the trial court had not abused its discretion noting that "the Fifth Circuit and several other circuits as well have held that it is not an abuse of ... discretion to refuse to allow inquiries of jurors as to whether they can accept certain propositions of law." *Id.* (footnote with citations omitted).

Appellant argues that this court's more recent decision in *United States v. Vera,* 701 F.2d 1349 (11th Cir.1983), holds that a trial court's refusal to ask voir dire questions concerning presumption of innocence and reasonable doubt will in some cases constitute an abuse of discretion; thus, appellant argues, *Vera* has undermined *Ledee.* During voir dire in *Vera,* the trial court briefly instructed the potential jurors on the presumption of innocence and the government's burden of proof. The court then conducted a general voir dire and allowed counsel to question the potential jurors. Defense counsel asked one potential juror several questions about the burden of proof and the presumption of innocence. Because the juror appeared confused, the trial court gave detailed instructions as to the presumption of innocence and the burden of proof. The court then refused to allow defense counsel to further question the prospective jurors concerning their understanding of the law. The court of appeals upheld the trial court's refusal to allow further questioning, distinguishing questions used to reveal bias from questions about whether the prospective jurors were willing and able to properly apply the law. The court stated:

> A trial court ... does not abuse its discretion in precluding voir dire examination of the prospective jurors' understanding of the law provided that the court's general voir dire questions and the jury charge afford the protection sought by counsel. *Jacobs v. Redman,* 616 F.2d 1251, 1255–56 (3d Cir.), *cert. denied,* 446 U.S. 944, 100 S.Ct. 2170, 64 L.Ed.2d 799 (1980); *United States v. Goodwin,* 470 F.2d 893, 897–98 (5th Cir.), *cert. denied,* 411 U.S. 969, 93 S.Ct. 2160,

36 L.Ed.2d 691 (1973); *Stone v. United States*, 324 F.2d 804, 807 (5th Cir.1963). *Id.* at 1356. This statement does not signal a change in standards as appellant contends. Nowhere does the *Vera* court indicate that specific questions about the burden of proof and the presumption of innocence are required. Rather, in *Vera* the appellate court reviewed the trial court's actions in that case and approved them because they afforded the necessary protection.

Finally, appellant asks us to reject *Ledee* on the basis of the Sixth Circuit's opinions in *United States v. Hill*, 738 F.2d 152 (6th Cir.1984), and *United States v. Blount*, 479 F.2d 650 (6th Cir.1973), which require the trial court to ask prospective jurors the questions proffered by the defense on presumption of innocence and reasonable doubt. We decline to do so. In *Ledee* the former Fifth Circuit explicitly rejected *Blount*. 549 F.2d at 992 n. 3. In addition, the Court of Appeals for the Second, Third, Eighth, Ninth, and Tenth Circuits have uniformly held that it is not a per se abuse of discretion to refuse to ask prospective jurors questions concerning propositions of law involving burden of proof or presumption of innocence. *United States v. Price*, 577 F.2d 1356 (9th Cir. 1978), *cert. denied*, 439 U.S. 1068, 99 S.Ct. 835, 59 L.Ed.2d 33 (1979); *United States v. Cosby*, 529 F.2d 143 (8th Cir.1976), *cert. denied*, 426 U.S. 935, 96 S.Ct. 2647, 49 L.Ed.2d 386 (1976); *United States v. Wooton*, 518 F.2d 943 (3d Cir.1975), *cert. denied*, 423 U.S. 895, 96 S.Ct. 196, 46 L.Ed.2d 128 (1975); *United States v. Crawford*, 444 F.2d 1404 (10th Cir.1971), *cert. denied*, 404 U.S. 855, 92 S.Ct. 98, 30 L.Ed.2d 95 (1971); *United States v. Gillette*, 383 F.2d 843 (2d Cir.1967).

We conclude that the overall voir dire questioning, coupled with the instructions given by the trial court at the close of the case, adequately protected appellant Miller's right to be tried by a fair and impartial jury. Thus, the trial court did not abuse its discretion in rejecting appellant's proposed voir dire question. The judgment is AFFIRMED.