517 So.2d 753 (1987)
Ronald N. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 86-1658.
District Court of Appeal of Florida, Second District.
December 30, 1987.
*754 James Marion Moorman, Public Defender and Paul C. Helm, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
THREADGILL, Judge.
Ronald Baker appeals his convictions and sentences on charges of burglary of a dwelling, robbery, and grand theft. The recommended guidelines sentence was four and one-half to five and one-half years imprisonment. The trial judge declared Baker to be a habitual felony offender and sentenced him to ten years imprisonment followed by fifteen years probation for the burglary and robbery, and ten years imprisonment followed by fifteen years probation for grand theft. The judge gave as additional reasons for departure, defendant's escalating pattern of criminal conduct and his failure of previous attempts at rehabilitation. We affirm the convictions, but remand for resentencing.
Baker charges error in the court's limitation of voir dire questioning by counsel. We find no abuse of discretion where, as here, the general voir dire questions and the jury charge afford adequate protection, United States v. Miller, 758 F.2d 570 (11th Cir.1985) and note also that voir dire is subject to the court's control of repetitious and argumentative questioning, Jones v. State, 378 So.2d 797 (Fla. 1st DCA 1979).
Baker also contends that the court erred by limiting cross-examination of a key witness designed to show bias. While a defendant unquestionably has the right to fully cross-examine for bias, Yolman v. State, 469 So.2d 842 (Fla. 2d DCA 1985), we find that the counsel was offered an opportunity to rephrase, declined to do so and failed to proffer the answer to the original question. The record also reflects that the alleged bias was demonstrated elsewhere during the trial, and thus any error in excluding the questioning concerning bias was harmless. Marr v. State, 494 So.2d 1139 (Fla. 1986).
As the first reason for departing from the recommended sentence, the court found Baker to be a habitual offender. This is no longer a permissible reason for departure under Whitehead v. State, 498 So.2d 863 (Fla. 1986). The second reason for departure was defendant's escalating pattern of criminal conduct. This is a valid reason for departure. Keys v. State, 500 So.2d 134 (Fla. 1986). The remaining reason for departure, i.e., failure of previous attempts at rehabilitation, is not a valid reason for departure. Scott v. State, 508 So.2d 335 (Fla. 1987).
We find from the record that the trial judge would have departed from the recommended sentence solely on the basis of the one valid reason. Albritton v. State, 476 So.2d 158 (Fla. 1985). However, because the sentences exceeded the statutory maximums, we remand for resentencing.
Affirmed in part, reversed in part and remanded.
FRANK, A.C.J., and HALL, J., concur.