SCHEB, Judge.
The defendant, Manuel Enrique Lo-zano, appeals his convictions and sentences for several drug offenses. He raises two points. First, he contends that his convictions and sentences for trafficking under count I and possession under count III violate the constitutional guarantee against double jeopardy. The defendant is correct. Since these convictions and sentences arose from the same act involving the same cocaine, one conviction must be reversed. Carawan v. State, 515 So.2d 161 (Fla.1987); Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988).
Second, the defendant argues that the court erred in departing from the recommended sentencing guidelines range. Again, the defendant is correct. The trial judge departed upward from the recommended guidelines range and sentenced the defendant to fifteen years imprisonment with a five-year mandatory minimum. In justifying the departure, the trial judge recited that a 1971 sentence imposed for selling heroin had not deterred the defendant from his continuing involvement with controlled substances. The trial court determined that these circumstances demanded a longer sentence than that previously imposed. In effect, the court found that the previous sentence had not rehabilitated the defendant. Because the 1971 conviction was scored as prior record, the trial judge erred in relying on it as a reason for departure. Hendrix v. State, 475 So.2d 1218 (Fla.1985). Furthermore, the judge’s perception that a recommended guidelines sentence is insufficient to rehabilitate a defendant is not a valid reason for upward departure. Baker v. State, 517 So.2d 753 (Fla. 2d DCA 1987).
Accordingly, we vacate the defendant’s conviction for possession of cocaine under count III and remand for resentencing. We affirm the defendant’s convictions in all other respects. Before resentencing, a new scoresheet shall be prepared to eliminate the points scored for conviction for count III. The trial court shall resentence the defendant within the recommended guidelines range, Shull v. Dugger, 515 So.2d 748 (Fla.1987), with imposition of the mandatory five year minimum sentence.
CAMPBELL, C.J., and THREADGILL, J., concur.