SCHOONOVER, Acting Chief Judge.
The appellant, Adolf Alvin Mincey, challenges the judgments and sentences imposed against him after he was found guilty of two counts of possession of cocaine with intent to deliver and two counts of delivery of cocaine. We affirm in part and reverse in part.
The appellant was charged in circuit court case number CF86-6029 with possession of cocaine with intent to deliver and with delivery of cocaine. In ease number CF86-6030, he was charged with committing the same offenses on a different date. The trial court denied the appellant’s mo *812 tion to dismiss one of the charges in each case on the ground that he could not be convicted of both possession with intent to deliver and delivery of the same cocaine. After a jury found the appellant guilty as charged in the informations, the court adjudicated him guilty and sentenced him to serve a departure sentence of fifteen years on each charge. The sentences were to be served concurrently. This timely appeal followed.
The appellant contends, and the state concedes, that he cannot be convicted and sentenced for delivery and possession with intent to deliver the same quantity of cocaine. Since the offenses occurred prior to the effective date of the 1988 amendment to section 775.021(4), Florida Statutes (1985), and the two counts in each information were predicated on a single underlying act, we agree that the appellant was improperly convicted and sentenced for both charges. State v. Burton, 555 So.2d 1210 (Fla.1989); State v. Smith, 547 So.2d 613 (Fla.1989); Carawan v. State, 515 So.2d 161 (Fla.1987); Fuentes v. State, 533 So.2d 311 (Fla. 2d DCA 1988).
We also agree with the appellant’s contention that the court improperly departed from the guidelines when sentencing him. All of the reasons given by the trial court to support an upward departure from the guidelines were either invalid, or not supported by the record. Lozano v. State, 540 So.2d 131 (Fla. 2d DCA 1989); Nodal v. State, 524 So.2d 476 (Fla. 2d DCA 1988); Alexander v. State, 513 So.2d 1117 (Fla. 2d DCA 1987).
We, accordingly, reverse and remand for the purpose of vacating one of the appellant’s convictions in each case and after recalculating the sentence for the remaining convictions, for resentencing within the guidelines. Shull v. Dugger, 515 So.2d 748 (Fla.1987).
Reversed and remanded with instructions.
LEHAN and FRANK, JJ., concur.