571 So.2d 105 (1990)
William PINEDA, Appellant,
v.
The STATE of Florida, Appellee.
No. 90-363.
District Court of Appeal of Florida, Third District.
December 18, 1990.
Diane V. Ward, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Charles M. Fahlbusch, Miami, for appellee.
Before BARKDULL, HUBBART and FERGUSON, JJ.
PER CURIAM.
William Pineda appeals his convictions for third-degree murder and possession of cocaine with intent to sell. Pineda complains here, as he did at trial, that the trial court abused its discretion in limiting voir dire examination. We agree, and reverse.
After the trial judge had conducted a preliminary voir dire, the attorneys were advised that their examination of the twenty-three-member panel was limited to twenty *106 minutes per side. Thirty minutes into his examination, the trial judge ordered Pineda's counsel to conclude. The court denied Pineda's request for additional time to follow up on the responses of several panel members to the State's question whether anyone had ever been a crime victim.
Florida Rule of Criminal Procedure 3.300(b) provides for a reasonable voir dire examination of prospective jurors by counsel. Because the purpose of voir dire is to obtain a fair and impartial jury, time restrictions or limits on numbers of questions can result in the loss of this fundamental right. Williams v. State, 424 So.2d 148 (Fla. 5th DCA 1982).
Although a trial judge has considerable discretion in determining the extent of counsel's examination of the venire, we have held it is unreasonable and an abuse of discretion to limit counsel's voir dire examinations of each potential juror to one-to-three minutes. Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988). The limitation in this case ran afoul of the Gosha rule. It prevented Pineda's counsel from adequately following up in an area of inquiry which proved important in light of the charges and the theory of defense. Further, the severity of the charged offenses made it more unreasonable to limit the defendant's voir dire examination of twenty-three potential jurors to less than thirty minutes.
On a remaining issue  whether possession of cocaine with the intent to sell is a forcible felony  the trial court should be guided by our opinion in State v. Perkins, 558 So.2d 537 (Fla. 3d DCA 1990), which was released after the trial of this case.
Reversed and remanded for a new trial.