582 So.2d 8 (1991)
Carolyn LEAMON and Wayne Leamon, Her Husband, Appellants,
v.
Anabel PUNALES and Eduardo Punales, Appellees.
No. 90-1562.
District Court of Appeal of Florida, Third District.
May 7, 1991.
Rehearing Denied August 7, 1991.
*9 Stinson, Lyons, Gerlin & Bustamante, Doug Lyons and Ian J. Kukoff, Miami, for appellants.
Richard Hardwick, Hickis, Anderson & Blum, Bambi Blum and Jean Anne Kneale, Miami, for appellees.
Before BASKIN, COPE and GERSTEN, JJ.
PER CURIAM.
Carolyn and Wayne Leamon appeal a final judgment and an order denying their motion for new trial. We affirm.
First, we find the trial court acted properly in limiting appellants' voir dire examination. "[I]t is the trial court's responsibility to control unreasonably repetitious and argumentative voir dire." Stano v. State, 473 So.2d 1282, 1285 (Fla. 1985), cert. denied, 474 U.S. 1093, 106 S.Ct. 869, 88 L.Ed.2d 907 (1986) (citations omitted). The extent of a party's voir dire examination is within the trial court's discretion.[1]Purdy v. Gulf Breeze Enter., Inc., 403 So.2d 1325 (Fla. 1981); Allen v. Se-Go Indus., Inc., 510 So.2d 1097 (Fla. 3d DCA), review denied, 518 So.2d 1273 (Fla. 1987).
Second, we find that in the absence of substantial unrebutted testimony concerning the accident's impact on the couple's married life, the trial court did not err in denying appellants' motion for a new trial on the husband's loss of consortium claim. Frye v. Suttles, 568 So.2d 983 (Fla. 1st DCA 1990); Smith v. Houston, 551 So.2d 551 (Fla. 2d DCA 1989), review denied, 564 So.2d 1086 (Fla. 1990); Lofley v. Insultech, Inc., 527 So.2d 902 (Fla. 2d DCA 1988).
We therefore affirm the final judgment and the order denying the motion for new trial.
Affirmed.
BASKIN and GERSTEN, JJ., concur.
COPE, Judge (concurring in part and dissenting in part).
I respectfully dissent with regard to the voir dire issue. In my view the time limits imposed on voir dire fell short of those contemplated by Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988), see also Pineda v. State, 571 So.2d 105 (Fla. 3d DCA 1990), and the limit was imposed without adequate warning. Plaintiff's proffer demonstrated a bona fide need for additional time. I would grant a new trial. However, given an affirmance by the majority on that issue, I join the affirmance with respect to the loss of consortium claim.
NOTES
[1] The partial dissent cites two criminal cases for the proposition that the time limits imposed on voir dire were too severe. A review of appellant's proffer of proposed questions fails to demonstrate that appellant was precluded from pursuing any important theory. Although the record does not disclose the exact amount of time afforded counsel for voir dire, the trial court's repeated admonition to appellant to desist from repetition suggests that counsel improperly utilized his time.