FULMER, Judge.
The defendant, Valentine Nicholson, appeals his convictions and sentence for sexual battery. We find merit in defendant’s claim that it was error to include points on the sentencing guidelines scoresheet for victim injury.
At the time the defendant committed the offenses on October 1, 1991, the law did not permit the inclusion of points for victim injury based solely on penetration which did not cause ascertainable physical injury in a sexual battery case. See Karchesky v. State, 591 So.2d 930 (Fla.1992). Further, although section 794.005, Florida Statutes (Supp.1992), which was passed to override Karchesky, was in effect at the time the defendant was sentenced, that law cannot be applied retroactively to crimes committed before its effective date. Harrelson v. State, 616 So.2d 128 (Fla. 2d DCA 1993). Therefore, it was error to include points on the sentencing score-sheet for victim injury.
The defendant raises another issue that warrants comment even though we do not find reversible error. The defendant claims that the trial court erred in refusing to allow defense counsel to question prospective jurors about whether they could properly consider Williams[1] rule evidence. Lack -of adequate voir dire can infringe on the accused’s constitutionally guaranteed right to a fair and impartial jury. Lavado v. State, 492 So.2d 1322 (Fla.1986). Jurors’ attitudes about a legal doctrine or law can be essential in a particular case to a determination of whether challenges for cause or peremptory challenges are to be made. The scope of voir dire properly includes questions about and references to such legal doctrines. However, the record before us is not sufficient to show what questions defense counsel desired to ask regarding the state’s use of Williams rule evidence. Therefore, we are unable to determine whether the trial court refused to allow what may have been proper questioning of the prospective jurors.
The defendant’s convictions are affirmed, and the cause is remanded for resentencing.
SCHOONOVER, A.C.J., and BLUE, J., concur.

. Williams v. State, 110 So.2d 654 (Fla.1959), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).