SCHOONOVER, Judge.
The appellant, Randy Wilson, challenges the judgment and sentence imposed upon him after a jury found him guilty as charged for burglary of a conveyance, in violation of *1001 section 810.02, Florida Statutes (1993). We find that the trial court erred by imposing an unreasonable time restriction upon the appellant’s voir dire examination of the prospective jurors and, accordingly, reverse and remand for a new trial.
Prior to the voir dire examination of the prospective jurors in this case, the trial court informed the attorneys that each side of the case would have a maximum of thirty minutes to question the prospective jurors. After the appellant’s attorney had questioned the prospective jurors for thirty-one minutes, the court directed him to stop and denied his request for an extension of time in order to allow him to ask questions concerning reasonable doubt and the right of the appellant to remain silent and not testify.
Although the trial court has considerable discretion in determining the length and the scope of the voir dire examination of prospective jurors, and we will not interfere with that discretion unless there is a clear abuse of it, we find that the court erred in this case. Vining v. State, 637 So.2d 921 (Fla.), cert. denied, — U.S. -, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994). The purpose of voir dire examination is to ensure a fair and impartial jury. Because of the time limitations placed upon the parties, the appellant’s counsel was not allowed to ask questions concerning the concept of reasonable doubt and the appellant’s right to remain silent and not testify at his trial. When a trial court imposes unreasonable time limitations which prohibit the asking of such basic general questions, the loss of the fundamental right to an impartial jury may, and in this case did, occur, and we are obligated to correct it on appeal. O’Hara v. State, 642 So.2d 592 (Fla. 4th DCA 1994); Pineda v. State, 571 So.2d 105 (Fla. 3d DCA 1990); Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988); Williams v. State, 424 So.2d 148 (Fla. 5th DCA 1982).
We, accordingly, reverse and remand for a new trial.
DANAHY, A.C.J., and CAMPBELL, J., concur.