693 So.2d 69 (1997)
Tracy WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-01270.
District Court of Appeal of Florida, Second District.
April 25, 1997.
James Marion Moorman, Public Defender, Bartow, and William E. Lowe, Special Appointed Public Defender, Bradenton, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Scott A. Browne, Assistant Attorney General, Tampa, for Appellee.
WHATLEY, Judge.
Tracy Watson appeals his conviction of aggravated battery. Watson contends that the trial court abused its discretion by limiting the time for voir dire. We disagree and affirm.
Watson faced the possibility of being habitualized if convicted. However, this related to the importance of the case, but not to the complexity of the trial.
Prior to the commencement of voir dire, the trial court informed the attorneys that they would each have thirty minutes to question the prospective jurors. No objection or question was raised by either counsel to this limitation. The trial court then made introductory remarks and read the instructions on reasonable doubt and burden of proof. The state completed its voir dire examination. Watson's counsel then conducted his examination of prospective jurors and consumed the thirty minutes allotted by the trial court.
*70 When Watson's counsel requested additional time, he was allotted eight additional minutes, which he used. He made a second request for additional time, which was refused. A careful reading of the questions asked of prospective jurors by Watson's counsel in the thirty-eight minutes allotted reveals generalized questions with generalized responses. The trial was concluded in one day. The jury returned a verdict of guilty as to the aggravated battery charge, and Watson was sentenced to thirty years of prison as a habitual felony offender.
It is well-settled that trial courts have considerable discretion with regard to the voir dire examination of prospective jurors. Vining v. State, 637 So.2d 921 (Fla.), cert. denied, 513 U.S. 1022, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994); Miller v. State, 683 So.2d 600 (Fla. 2d DCA 1996); Baker v. State, 517 So.2d 753 (Fla. 2d DCA 1987); Williams v. State, 424 So.2d 148 (Fla. 5th DCA 1982); Barker v. Randolph, 239 So.2d 110 (Fla. 1st DCA), cert. denied, 242 So.2d 137 (Fla.1970).
The trial court in this case accorded counsel reasonable notice that each side would be limited to thirty minutes in questioning prospective jurors by advising counsel of this limitation before voir dire examination began. "[T]he amount of time that is allotted for voir dire depends on the nature of the case and the reasonableness of the use, by the attorneys, of the time allotted by the court for voir dire." Rodriguez v. State, 675 So.2d 189, 191 (Fla. 3d DCA 1996). The appropriateness of the time limitation imposed by a trial court must be reviewed on a case-by-case basis. Id. Accordingly, we do not disagree with Wilson v. State, 676 So.2d 1000 (Fla. 2d DCA 1996), but determine that that case was decided on its particular facts.
"The purpose of conducting voir dire is to secure an impartial jury." Boggs v. State, 667 So.2d 765, 767 (Fla.1996). The length of time allowed for conducting the voir dire examination does not necessarily correlate to the fairness afforded the parties in selecting an impartial jury.
The trial court allowed Watson's counsel to proffer the questions into the record that he would have asked had he been granted more time. Our review of the record reveals that the proffered questions were either of minimal significance, covered by the general jury instructions, or covered during the state's voir dire examination. Watson's counsel made a tactical decision regarding what questions to ask during his voir dire examination. There was no surprise and there were no unanticipated replies from the prospective jurors that would have opened an area of inquiry which would not have otherwise been anticipated. See Leamon v. Punales, 582 So.2d 8 (Fla. 3d DCA 1991).
Based on the foregoing, we conclude that the trial court did not abuse its discretion in imposing time limitations on the voir dire process.
Watson's remaining issue on appeal is affirmed without discussion. Accordingly, we affirm the conviction of aggravated battery.
CAMPBELL, A.C.J., concurs.
SCHOONOVER, J., dissents with opinion.
SCHOONOVER, Judge, dissenting.
Although I agree that the trial court has considerable discretion in determining the length and scope of the voir dire examination of prospective jurors, I would find that the trial court abused its discretion in this case. I, accordingly, dissent.
The appellant was charged with the crime of aggravated battery in violation of section 784.045, Florida Statutes (1993). Immediately prior to the voir dire examination of potential jurors, the trial court informed the attorneys that each side would have a maximum of thirty minutes to question the prospective jurors. After the appellant's attorney had questioned the jurors for thirty minutes, he was told his time was up. Appellant's attorney was granted an additional five to eight minutes, but his request for another extension was denied.
In denying the appellant's request for additional time to question the prospective jurors, the court said that if the appellant's trial counsel had asked him for more time when he announced the time limit, he might *71 have given it to him. However, because he had not, the court felt the appellant's attorney was "abusing the process."
While challenges to prospective jurors were being made, the appellant asked for six additional peremptory challenges on the grounds that his voir dire was limited in such a way that he was not able to ask the questions he wanted to ask. The judge denied his request and once again said that if the appellant's attorney had objected to the thirty minutes he had allotted for questioning when it was announced, the judge would have given each side forty-five minutes.
The court agreed to let defense counsel read into the record the questions that he would have asked. Counsel stated that his client was facing a thirty year sentence as a habitual felony offender, and he wanted to ask the prospective jurors about the appellant's right to remain silent and what effect, if any, a witness's felony record would have on their deliberations. He also wanted to elicit their opinions in connection with the credibility of law enforcement officers and the credibility of other witnesses. He concluded his proffer by saying that he hoped these questions would have led to a further discussion and follow up questions which would have helped him make a judgment as to which jurors he wanted to try the case.
At the conclusion of the trial, the jury found appellant guilty as charged. The court adjudicated the appellant guilty and sentenced him to serve thirty years in prison as a habitual felony offender. This timely appeal followed.
Although the trial court has considerable discretion in determining the length and the scope of the voir dire examination of prospective jurors, and we will not interfere with that discretion unless there is a clear abuse of it, I would find that the court erred in this case. Vining, 637 So.2d at 926.
In Thomas v. State, 658 S.W.2d 175 (Tex. Crim.App.1983), the court correctly observed that because of the unpredictability of what voir dire will reveal, it is impossible to say beforehand that any particular time period will not be unreasonable as the events of voir dire unfold. Id. It is impossible to know in advance how many prospective jurors may require significant examination for clarification of their points of view.
Naturally, the amount of time allotted for voir dire depends on the nature of the case and the reasonableness of the use, by attorneys, of the time allotted by the court. The appropriateness of any limitation must be evaluated on a case by case basis. Rodriguez, 675 So.2d at 191. There are situations where attorneys make inappropriate use of their time by repeating themselves or asking improper questions. In those instances, the court needs to place reasonable time limitations on the voir dire. In this instance, however, the state does not contend that counsel's questioning was improper, and the trial court even stated a longer period could have been reasonable.
Florida Rule of Criminal Procedure 3.300(b) provides for a reasonable voir dire examination of prospective jurors by counsel. Because the purpose of voir dire is to obtain a fair and impartial jury, improper time restrictions or limits on the number of questions can result in the loss of this fundamental right. Wilson, 676 So.2d at 1001; Pineda v. State, 571 So.2d 105, 106 (Fla. 3d DCA 1990); Williams, 424 So.2d at 149. Counsel may not be unduly restricted from obtaining full knowledge of all material and relevant matter essential to the fair and just exercise of the right to challenge jurors, either peremptorily or for cause. See Perry v. State, 675 So.2d 976 (Fla. 4th DCA 1996).
This case involved an interracial situation, where a man was accused of severely injuring a woman. The appellant was facing a maximum sentence of thirty years in prison and was attempting to establish that he was defending another woman. The court asked very few questions and the state did not ask some of the basic questions, such as whether any of the prospective jurors knew any of the witnesses or if they would follow the judge's instructions on the law. This required defense counsel to ask several questions ordinarily asked by others. Because of the time limitations placed upon the parties and especially because the appellant had to spend a lot of time insuring that there was no bias or prejudice because of the interracial situation, *72 and because a man had hit a woman, the appellant's counsel was not allowed to ask certain basic questions. He was not allowed to ask questions concerning the appellant's right to remain silent and not testify. He was not allowed to ask questions concerning the credibility of police officers and of other witnesses, including those with felony records, and he was cut off while discussing and asking questions about the right of self-defense.
When a trial court imposes unreasonable time limitation which prohibits the asking of such basic questions, the loss of the fundamental right to an impartial jury may, and in this case did occur and we are obligated to correct it on appeal. Wilson, 676 So.2d at 1001; O'Hara v. State, 642 So.2d 592 (Fla. 4th DCA 1994); Pineda, 571 So.2d at 106; Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988); Williams, 424 So.2d at 149.
The state contends that the trial court gave advance notice of the time limitation, and since the appellant did not object, the limitation was proper. Although advance notice may allow a party to pare down his questioning and plan for the time allotted, the timeliness of the notice, as well as the time limitation, must be reasonable and considered in accordance with the facts of each case. Rodriguez, 675 So.2d at 191. In this case, a notice given immediately prior to voir dire did not allow time to redesign questioning and did not make an unreasonable limitation reasonable. The fact that the appellant did not object to the limit announced must be considered, but does not cure the error in this case. At the time the limitation was imposed, all the circumstances were not known by the appellant. Without knowing what questions the court or state would ask, or what additional questions would have to be asked because of the responses received to other questions, appellant's attorney could not properly consent or object to the limit. It is possible that the time limit could have been satisfactory, however, the appellant cannot be charged in advance with knowing what is going to develop during questioning of the prospective jurors. This case is another example of problems caused by pre-established limits which do not flex with the circumstances and therefore result in an unreasonable curtailment of voir dire. Perry, 675 So.2d at 979.
The majority takes the position that counsel's proffered questions were either (1) of minimal significance, (2) covered by the general instructions, or (3) covered during the state's voir dire examination. I disagree.
First, the questions were not of minimal significance. Counsel must have an opportunity to ascertain latent or concealed prejudgments which will not yield to the evidence or the court's instructions. Jones v. State, 378 So.2d 797 (Fla. 1st DCA 1980). Accordingly, counsel must be permitted to propose questions concerning the juror's willingness and ability to accept the court's instructions concerning the presumption of innocence, the state's burden of proof in respect to each element of the offense, and the defendant's right not to testify. Jones, 378 So.2d at 798. See also Moses v. State, 535 So.2d 350 (Fla. 4th DCA 1988); Lavado v. State, 492 So.2d 1322 (Fla.1986)(counsel must be allowed to question jurors about his defense). Furthermore, it is not for us to say what type of questions counsel should deem important, as long as they are not improper. Perry, 675 So.2d at 979. See also Nicholson v. State, 639 So.2d 1027 (Fla. 2d DCA 1994).
Next, based upon the record presented to us, the jurors were never asked if they would follow the court's general instructions which the majority concludes corrected any problems. Lavado, 492 So.2d at 1323. Prior to counsel's questioning, the court instructed the jury on the burden of proof and informed them that the appellant did not have to testify. In instructing on the burden of proof, however, the court did not instruct on each element of the offense for which the appellant was charged, but instead the elements of a crime. See Jones, 378 So.2d at 798. While the court instructed the jury that the defendant did not have to testify, it omitted any cautionary instruction advising the jury not to draw any inferences of guilt from the defendant's failure to take the stand in his own defense. This omission was significant and required additional questions by counsel. Andrews v. State, 443 So.2d 78 (Fla.1983).
*73 Last, the fact the state asks a particular question during voir dire does not remove the appellant's right to ask similar questions later. Additionally, the state did not ask questions concerning the racial situation, the appellant's right to remain silent, the believability of a felon, or additional questions such as those concerning a man injuring a woman and using the defense of self-defense.
Because of the restrictions placed upon the appellant, he was deprived of his right to chose what he felt was a fair and impartial jury, and accordingly, I would reverse and remand for a new trial.