COPE, Judge.
Charles Maxie Helton appeals his conviction for armed robbery. We reverse and remand for a new trial.
Defendant-appellant Helton was arrested and charged with armed robbery, battery on a person over sixty-five, and resisting arrest without violence. At voir dire, the trial court informed counsel that each side’s inquiry of the thirty-four-member venire panel would be limited to thirty minutes per side. Defense counsel asked for additional time, and the trial court stated that it would “see how it goes.” During his voir dire, defense counsel inquired into the prospective jurors’ feelings regarding the defense of voluntary intoxication. Several jurors expressed concerns about the defense. Twice, however, as defense counsel attempted to discuss aspects of voluntary intoxication with the venire, the trial court cut him off and warned him not to pretry his case. Defense counsel again requested additional time, but the request was denied. After approximately thirty-eight minutes, and as yet another juror raised a question concerning voluntary intoxication, the trial court concluded the voir dire. Defense counsel again objected to the time limitation.
At the close of the State’s case, the trial court granted the defendant’s motion for judgment of acquittal on the battery charge. The jury subsequently convicted the defendant on the armed robbery charge and acquitted him on the resisting-arrest charge. The trial court sentenced the defendant to a thirty-year term as a violent career criminal.
On appeal, the defendant contends that the trial court erred by limiting his voir dire. We agree.[1]
As this court stated in Pineda v. State, 571 So.2d 105 (Fla. 3d DCA 1990):
Florida Rule of Criminal Procedure 3.300(b) provides for a reasonable voir dire examination of prospective jurors by counsel. Because the purpose of voir dire is to obtain a fair and impartial jury, time restrictions or limits on numbers of questions can result in the loss of this fundamental right. Williams v. State, 424 So.2d 148 (Fla. 5th DCA 1982).
Although a trial judge has considerable discretion in determining the extent of counsel’s examination of the venire, we have held it is unreasonable and an abuse of discretion to limit counsel’s voir dire examinations of each potential juror to one-to-three minutes. Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988). The limitation in this case ran afoul of the Gosha rule. It prevented Pineda’s counsel from adequately following up in an area of inquiry which proved important in light of the charges and the theory of defense. Further, the severity of the charged offenses made it more unreasonable to limit the defendant’s voir dire examination of twenty-three potential jurors to less than thirty minutes.
571 So.2d at 106. Here, defense counsel was attempting to inquire into the venire-members’ feelings about voluntary intoxication, a defense that is “disfavored by a large segment of the public.” Lavado v. State, 469 So.2d 917, 920 (Fla. 3d DCA 1985) (Pearson, J., dissenting), dissent approved by 492 So.2d 1322 (Fla.1986). The number of juror responses to- defense counsel’s questions showed that this was a substantial area of inquiry, and clearly the subject was not adequately explored. Thus, it was an abuse of discretion to limit the voir dire of a thirty-four-member venire in such circumstances to thirty-eight minutes. See White v. State, 23 Fla. L. Weekly D1868, 717 So.2d 1055 (Fla. *930 3d DCA 1998); Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988).
Moreover, it is “error to prevent a defendant from inquiring about the prospective jurors’ ability to accept an intoxication defense.” Lavado, 469 So.2d at 920. On several instances, defense counsel was precluded from questioning the venire with respect to its understanding of the voluntary intoxication defense. Voluntary intoxication was the defendant’s sole defense. “If he knew nothing else about the prospective jurors, the single thing that defense counsel needed to know was whether the prospective jurors could fairly and impartially consider the defense of voluntary intoxication.” Id. at 919. Where the intended defense is one as controversial as voluntary intoxication, defense counsel must be allowed the latitude to make sufficient inquiry into jurors’ attitudes toward that defense.
Reversed and remanded for a new trial.

. The defendant also contends that the trial court erred when it denied his motion for a continuance, which was based on the failure of three witnesses to appear pursuant to trial subpoenas. Because we find the first issue dispositive, we do not reach the second.