790 So.2d 1253 (2001)
Stephanie Lee KING, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-854.
District Court of Appeal of Florida, Fifth District.
August 10, 2001.
*1254 James B. Gibson, Public Defender, and M.A. Lucas, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Alfred Washington, Jr., Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Stephanie Lee King was convicted of first degree felony murder and aggravated child abuse. King contends that the trial court unreasonably limited her voir dire of prospective jurors. Specifically, King argues that the trial court abused its discretion by preventing defense counsel from questioning prospective jurors on the effect, if any, that viewing graphic autopsy photographs might have on their ability to be fair.[1] We affirm. Florida Rule of Criminal Procedure 3.300(b) authorizes reasonable voir dire examination of prospective jurors to assist in securing a fair and impartial jury. See Davis v. State, 461 So.2d 67, 69-70 (Fla.1984); King v. State, 390 So.2d 315, 319 (Fla.1980); Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982). To this end, the trial court has broad discretion in regulating the conduct of the voir dire examination of prospective jurors. Vining v. State, 637 So.2d 921 (Fla.), cert. denied, 513 U.S. 1022, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994). See Watson v. State, 693 So.2d 69 (Fla. 2d DCA 1997); Miller v. State, 683 So.2d 600 (Fla. 2d DCA 1996); Baker v. State, 517 So.2d 753 (Fla. 2d DCA 1987); Barker v. Randolph, 239 So.2d 110 (Fla. 1st DCA 1970). We review the trial court's rulings regarding the scope of voir dire interrogation on specific subjects under an abuse of discretion standard. Davis v. State, 698 So.2d 1182, 1190 (Fla. 1997); Farina v. State, 679 So.2d 1151, 1154 (Fla.1996).
We conclude that King failed to demonstrate that the trial court abused its discretion in regulating the extent and scope of the examination of prospective jurors. Vining, 637 So.2d at 926. "The extent to which parties may be permitted to go in examining prospective jurors on voir dire is subject to the sound discretion of the trial judge, the exercise of which will not be interfered with unless it is clearly abused." Essix v. State, 347 So.2d 664, 665 (Fla. 3d DCA 1977). The trial court controls the scope of the voir dire examination. Peri v. State, 426 So.2d 1021, 1025 (Fla. 3d DCA 1983). In controlling the scope of voir dire, the trial court decides the materiality and propriety of the voir dire questions. Id. Further, the trial court has discretion to curtail voir dire of prospective jurors. Williams, 424 So.2d at 149. Although counsel must be permitted to ask prospective jurors about their latent or concealed prejudgments, the trial court has discretion to limit repetitive, improper, *1255 and argumentative voir dire questions. See, e.g., Stano v. State, 473 So.2d 1282, 1285 (Fla.1985); Miller, 683 So.2d at 602; Jones v. State, 378 So.2d 797, 797-98 (Fla. 1st DCA 1979).
In the instant case, the trial court permitted both sides to conduct extensive voir dire examinations of the prospective jurors. The voir dire record spans over 500 pages of transcript. The State's examination consumed nearly 150 pages of the record while defense counsel's examination consumed in excess of 200 pages of the record. The State questioned the prospective jurors extensively about the effect, if any, that viewing graphic autopsy photographs might have on their ability to be fair and impartial. Those who expressed even the slightest inability to be fair were questioned further and were later excused. In light of the extensive questioning of the prospective jurors by the State, we find no abuse of discretion in the trial court's restriction of defense counsel's additional voir dire examination on the issue of the autopsy photographs. See Coney v. State, 348 So.2d 672 (Fla. 3d DCA 1977) (finding that the trial court did not commit error in restricting repetitious questions to the prospective jurors upon voir dire examination). "Rulings of the court restricting the examination of jurors on voir dire will not be invalidated by a claim of prejudice grounded solely upon speculation or conjecture." Mizell v. New Kingsley Beach, Inc., 122 So.2d 225, 227 (Fla. 1st DCA 1960).
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.
NOTES
[1] King does not challenge the introduction of the autopsy photographs, only the restriction on her counsel's voir dire examination regarding the photographs.