PER CURIAM.
Stephanie King [“Defendant”] has appealed the trial court’s denial of her rule 3.850 motion for post conviction relief, which raises six grounds. We affirm without discussion on the court’s denial of grounds two through five. For the reasons discussed in this opinion, we also affirm the trial court’s denial of ground one, but reverse and remand for an evi-dentiary hearing on ground six.
On July 1, 1997, Defendant was charged with first degree felony murder and aggravated child abuse. On February 29, 2000, following a jury trial, Defendant was found guilty of both offenses. She was sentenced to life imprisonment for the felony murder offense and to time served for the aggravated child abuse offense.
Defendant directly appealed her convictions.[1] This Court affirmed Defendant’s convictions in King v. State, 790 So.2d 1253 (Fla. 5th DCA 2001). Defendant then filed a motion for post conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850.
*581 During the trial, the trial court instructed the jury that “[t]he underlying felony for first-degree felony murder is aggravated child abuse.” The jury was then instructed that in order to find Defendant guilty of aggravated child abuse, it had to find that the State proved the following:
1. [Defendant] willfully tortured or maliciously punished or knowingly or willfully abused [Victim] and in so doing caused great bodily [sic], permanent disability or permanent disfigurement to the child, [Victim].
2. Victim was under the age of eighteen years as alleged in the Indictment, a child of two years of age.
The trial court instructed the jury that “maliciously” meant “wrongfully, intentionally and without legal justification or excuse.” The foregoing instructions were given with the consent of the parties and were based on the standard jury instruction for aggravated child abuse available at the time.
In ground one of her motion for post-conviction relief, Defendant argued that her trial counsel, A. Michael Bross [“Bross”], was ineffective for failing to object to the standard jury instruction for aggravated child abuse used in Defendant’s trial, which improperly defined the term “maliciously” as it relates to the elements of the charge.
The State responded that, in light of the state of the law at the time, defense counsel was not ineffective for failing to object to the use of the standard jury instruction that was given. The State acknowledged that in Reed v. State, 837 So.2d 366 (Fla.2002), the Supreme Court subsequently stated that it was fundamental error for the trial court to give the standard instruction defining “maliciously” because the correct definition is: “with spite, ill will, hatred or evil intent.” But the Reed court also said that its holding was retroactively applicable only to cases that were not final or pending on direct review. As the State notes, Defendant’s appeal was final before Reed was issued.
Bross, to his credit, was aware of the correct definition and did assert in his motion for judgment of acquittal that the State had not met its burden on the element of “maliciousness.” Bross relied on Freeze v. State, 553 So.2d 750 (Fla. 2d DCA 1989), a pre-Reed case that articulated the proper definition of malice. The Freeze court had, in turn, taken the definition from the Florida Supreme Court’s opinion in State v. Gaylord, 356 So.2d 313 (Fla.1978). Defendant argues that Bross was ineffective because, although he was on notice that the maliciousness instruction was improper and, indeed, was aware of a decision identifying the correct definition of “maliciously” on which he relied in his motion for judgment of acquittal, he failed to request a correct instruction.
Bross testified that he did not object to the erroneous definition contained in the instruction because he believed the parties had to use the standard jury instruction. He testified that, while he was aware of case law reflecting the correct definition of “maliciously,” he failed to “assimilate” that such case law “clearly demonstrated that the [standard] jury instruction should have been altered.” He testified that he “should have asked for the change in jury instruction to spite, ill will, hatred, or evil intent in accordance with the Freeze case,” but that he did not do that.
The trial court denied Defendant relief as to ground one, concluding that, because her case was final at the time Reed was decided, it could not retroactively apply Reed to resolve the issue in Defendant’s favor. We agree. In Reed, our Supreme Court emphasized that its decision was not to be retroactively applied to cases that were final.
*582 To resolve the question of what cases this decision is to be applied to, we hold that this decision shall be retroactively-applied to cases pending on direct review or not yet final. This holding is based upon the reasoning in Smith v. State, 598 So.2d 1063, 1066 (Fla.1992). The standard jury instruction used in the present case has been in use for more than twenty years. Retroactive application of the present case to final aggravated child abuse cases would require courts to revisit numerous final convictions and to extensively review stale records to determine if the malice element was disputed at trial. We therefore expressly limit retroactive application of our decision to nonfinal cases because applying this decision to final cases would have an adverse effect on the administration of justice.
Reed, 837 So.2d at 370. The fact that Bross was aware of the Freeze opinion but was unaware of the law permitting challenges to erroneous standard jury instructions does not justify a different result from a situation where counsel was aware of the right to challenge erroneous standard jury instructions but was unaware of the Freeze or Gaylord decisions. Based on Reed’s clear language, the reason counsel failed to request a proper jury instruction is immaterial.
■The trial court gave the standard jury instruction approved by the Florida Supreme Court. This instruction was not expressly invalidated until Reed was issued. In Reed, the court found that there would be an adverse affect on the administration of justice if its decision was retroactively applied to cases that were already final. Accordingly, the trial court properly denied ground one of Defendant’s motion.[2]
We do not agree with the trial court’s summary disposition of ground six of Defendant’s motion, however, because we conclude that an evidentiary hearing is required on the issue of counsel’s advice concerning the plea.
AFFIRMED in part; REVERSED in part; and REMANDED.
ORFINGER and EVANDER, JJ., concur.
GRIFFIN, J., dissenting, with opinion.

. In her direct appeal, the sole issue raised by Defendant was that "the trial court abused its discretion by preventing defense counsel from questioning prospective jurors on the effect, if any, that viewing graphic autopsy photographs might have on their ability to be fair.” King v. State, 790 So.2d 1253, 1254 (Fla. 5th DCA 2001).

. We recognize that the Florida Supreme Court found that the giving of the above-referenced standard jury instruction constituted fundamental error. But for the Supreme Court’s language expressly limiting retroactive application of Reed to nonfinal cases, we would likely find Defendant's argument to be meritorious.