424 So.2d 148 (1982)
Debra Ann WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 81-1485, 81-1641.
District Court of Appeal of Florida, Fifth District.
December 29, 1982.
James B. Gibson, Public Defender, and Leonard R. Ross, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Williams appeals from her sentence and conviction for aggravated battery and from a final order revoking her probation based on that conviction.[1] She argues the trial court arbitrarily limited the voir dire conducted *149 by her attorney to such a degree that the conviction should be overturned and a new trial required. We agree.
In this case the trial judge conducted part of the voir dire. The State's examination followed. It was brief but thorough. Defense counsel commenced with general questions, and had just begun to make particular inquiries of various prospective jurors when the trial court announced that his time was "up."
From the record it is clear defense counsel was taken by surprise. He proffered to the court at least two areas of inquiry[2] not touched upon by the State's or the court's questions. The court replied: "We'll be here all day with your line of questioning," and refused counsel any additional voir dire. The court noted that defense counsel had had twenty minutes to voir dire the jury; also, it was now lunch time.
There is no indication in this record that the court had set a time limit for either side or that there was any reason to cut off defense counsel's voir dire. The State argues we should infer the court had instructed the attorneys they would be limited to twenty minutes voir dire per side due to a tight trial schedule. But there is no basis for such an inference in this record. We further note that counsel for the State filed a motion with this court conceding error on the part of the trial court for having limited voir dire in this manner and pointing out defense counsel had exhausted his preemptory challenges. We allowed the State to withdraw this motion; however, the fact that it was made refutes the State's argument.
In Florida, a reasonable voir dire examination of prospective jurors by counsel is assured by Florida Rule of Criminal Procedure 3.300(b).[3] The purpose of voir dire is to obtain a "fair and impartial jury to try the issues in the cause." King v. State, 390 So.2d 315, 319 (Fla. 1980). Time restrictions or limits on numbers of questions can result in the loss of this fundamental right.[4] They do not flex with the circumstances, such as when a response to one question evokes follow-up questions.
We recognize there may be situations where the trial court is justified in curtailing voir dire, and we agree it has considerable discretion in determining the extent of counsel's examination of prospective jurors.[5] However, in this case defense counsel was prevented from asking pertinent questions not covered by the State or the court by a very short time limit imposed without apparent warning.[6] This prevented counsel from asking questions which were neither repetitive nor improper. We conclude Williams was deprived of a fair trial by this curtailment of voir dire and she should be afforded a new trial. Accordingly, the judgments appealed are
REVERSED.
*150 COBB, J., concurs.
DAUKSCH, J., concurs in part; dissents in part, with opinion.
DAUKSCH, Judge, concurring in part; dissenting in part:
I agree the conviction for aggravated battery should be reversed for a new trial for the reasons set out in the majority opinion. I do not agree the order revoking probation should be reversed because I think that order was based upon competent substantial evidence which showed the appellant had violated her probation by committing the aggravated battery. The trial judge was the same person in both cases, he heard all the evidence and although his order of revocation was based upon the conviction it was also based upon what he heard at trial. He did not err in finding the appellant violated her probation and that order should be affirmed.
NOTES
[1] The two appeals were consolidated because both turn on the validity of Williams' conviction for aggravated battery.
[2] Defense counsel stated:

[W]hether or not there is any individual that has had a negative experience with law enforcement agencies; whether or not there have been individuals who have been victims of a similar type offense in relation thereto; and I have not been afforded an adequate opportunity to follow up on any inquiry about the personal situation of the individuals which I would make inquiry into particularly about Mr. Steinwender's wife, who works for the Seminole County Detention Center, which I have not had an opportunity to delve into... .
[3] court may then examine each prospective juror individually or may examine prospective jurors collectively. Counsel for both State and defendant shall have the right to examine jurors orally on their voir dire. The order in which the parties may examine each juror shall be determined by the court. The right of the parties to conduct an examination of each juror orally shall be preserved.
Fla.R.Crim.P. 3.300(b).
[4] Loftin v. Wilson, 67 So.2d 185 (Fla. 1953); La Rosa v. State, 414 S.W.2d 668 (Tex.Cr.App. 1967).
[5] Slaughter v. State, 301 So.2d 762 (Fla. 1974); Kalinosky v. State, 414 So.2d 234 (Fla. 4th DCA 1982).
[6] We do not mean to suggest we would have decided this case differently had the time limit of twenty minutes been announced by the court prior to voir dire. Twenty minutes is a very short time, and the questions defense counsel sought to ask were relevant and not repetitive.