534 So.2d 912 (1988)
Michael Barry GOSHA, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-2517.
District Court of Appeal of Florida, Third District.
December 13, 1988.
Samek & Besser and Lawrence E. Besser, Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before HUBBART, DANIEL S. PEARSON, and JORGENSON, JJ.
PER CURIAM.
Michael Barry Gosha appeals from a conviction for grand theft. For the reasons which follow, we reverse and remand for a new trial.
Gosha's first trial on the grand theft charges resulted in a mistrial. At his second trial on those charges, the trial court imposed on both the state and defense counsel one- to three-minute time limits on questioning prospective jurors. The trial court thus forced defense counsel to end voir dire before he had finished his questioning.
We hold that as a matter of law, it is unreasonable and an abuse of discretion to limit counsel's voir dire examinations of each potential juror to one-to-three minutes.
In Florida, a reasonable voir dire examination of prospective jurors by counsel is assured by Florida Rule of Criminal Procedure 3.300(b) (footnote omitted). The purpose of voir dire is to obtain a "fair and impartial jury to try the issues in the cause." (Citation omitted.) Time restrictions or limits on numbers of questions can result in the loss of this fundamental right. (Emphasis added.)
Williams v. State, 424 So.2d 148 (Fla. 5th DCA 1982).[1]
*913 Although a trial court has "considerable discretion in determining the extent of counsel's examination of prospective jurors," id. at 149, here, the extreme time constraints imposed by the court prevented counsel from pursuing a reasonable voir dire examination.
Reversed and remanded for a new trial.
NOTES
[1] In Williams, the court stated that even twenty minutes of voir dire per side "was a very short time." 424 So.2d at 149 n. 6.