642 So.2d 592 (1994)
Brian Joseph O'HARA, Appellant,
v.
STATE of Florida, Appellee.
No. 93-3451.
District Court of Appeal of Florida, Fourth District.
August 24, 1994.
*593 Jeffrey H. Garland of Kirschner & Garland, P.A., Fort Pierce, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Brian O'Hara appeals his convictions for battery on a law enforcement officer, resisting an officer without violence, disorderly conduct, and assault. He complains that the trial court abused its discretion in limiting voir dire examination. We agree and reverse for a new trial.
Tom Clyde, a neighbor of Mr. O'Hara, notified the police that Mr. O'Hara aimed his moving truck at Clyde's fourteen year old son. Upon arriving at Mr. O'Hara's home, Police Officer Lamm attempted to speak with Mr. O'Hara. Mr. O'Hara, yelling out some obscenities, ordered the officer off his property. The officer tried to explain that he was conducting a criminal investigation and asked him to cooperate. Mr. O'Hara walked away from the officer. As a result, the officer followed. Mr. O'Hara turned to the officer and stated "if you are going to arrest me, arrest me. Other than that, get the hell off my property." The officer attempted to arrest him and Mr. O'Hara took his elbows and shoved the officer. Upon his arrest, he was charged with battery on law enforcement officer, resisting an officer without violence, disorderly conduct and aggravated assault.
Prior to voir dire, the trial court advised the attorneys that their examination of all twenty-four prospective jurors was limited to forty minutes per side. Defense counsel objected to the limitation because he had many First Amendment questions that he wanted to ask the jurors. The trial court denied the objection. Upon interviewing the prospective jurors for forty minutes, defense counsel asked for an extension of time which was denied. Due to this fact, defense counsel was unable to ask basic general questions of many of the prospective jurors.
Florida Rule of Criminal Procedure 3.300(b) provides for a reasonable voir dire examination of prospective jurors by counsel. The purpose of voir dire is to ensure a fair and impartial jury. A trial court abuses its discretion when the imposition of unreasonable *594 time limitations or limitations on the number of questions results in the loss of this fundamental right. Compare Zitnick v. State, 576 So.2d 1381 (Fla. 3d DCA 1991); James v. State, 575 So.2d 335 (Fla. 3d DCA 1991); Pineda v. State, 571 So.2d 105 (Fla. 3d DCA 1990); Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988); Williams v. State, 424 So.2d 148 (Fla. 5th DCA 1982) with Valdez v. State, 585 So.2d 479 (Fla. 3d DCA 1991); Brunson v. State, 492 So.2d 1155 (Fla. 3d DCA 1986); Stano v. State, 473 So.2d 1282 (Fla. 1985).
Under the facts in this case, the trial court abused its discretion in limiting voir dire questioning to less than two minutes per prospective juror. The foregoing limitation of voir dire questioning prevented defense counsel from asking pertinent questions about the First Amendment as well as basic general questions.
Having determined that Mr. O'Hara is entitled to a new trial, we briefly address some of the issues raised by him to give guidance to the trial court on remand. During the trial, Mr. O'Hara's attorney was not allowed to question the state's witness, Tom Clyde, about Mr. O'Hara's calls to the police on several occasions regarding problems he was having with Clyde's children. Because defense counsel is entitled to explore the prior dealings between defendant and the state's witness which might show bias, prejudice, or improper motive, it was error to limit the questioning of this witness. Hannah v. State, 432 So.2d 631 (Fla. 3d DCA 1983). On retrial, defense counsel is entitled to a thorough examination of the witness.
The other pertinent issue concerns the jury instructions. Mr. O'Hara felt the standard jury instruction on disorderly conduct should be limited. He opined that disorderly conduct for verbal conduct can only arise when the words used are fighting words or false words used to report a physical hazard likely to cause harm. State v. Saunders, 339 So.2d 641 (Fla. 1976); White v. State, 330 So.2d 3 (Fla. 1976). The trial court did not err in giving the standard jury instruction. Maxwell v. Wainwright, 490 So.2d 927 (Fla. 1986), cert. denied, 479 U.S. 972, 107 S.Ct. 474, 93 L.Ed.2d 418 (1986). However, the trial court on retrial should also give the defense's instruction on verbal conduct because certain verbal conduct is a constitutionally protected right. Similarly, the defense is entitled to an instruction on its defense theories if there is evidence to support them. Cooper v. State, 573 So.2d 74 (Fla. 4th DCA 1990). Consequently, the trial court should have instructed the jury on the defense's requested instruction on resisting an unlawful arrest without violence, Dean v. State, 466 So.2d 1216 (Fla. 4th DCA 1985), and justifiable use of non-deadly force, Johnson v. State, 634 So.2d 1144 (Fla. 4th DCA 1994).
We also note that the trial court erred in instructing the jury that "Officer Lamm was an officer and was an officer within the meaning of the law." Under Wright v. State, 586 So.2d 1024 (Fla. 1991), the trial court should merely advise the jurors that as a matter of law the position of police officer is a law enforcement officer within the meaning of the offense charged, not that the actual person alleged to be the victim is a law enforcement officer.
Accordingly, we reverse the convictions and sentences in this case and remand for a new trial consistent with this opinion.
POLEN and KLEIN, JJ., and GROSS, ROBERT, Associate Judge, concur.