675 So.2d 189 (1996)
Raul RODRIGUEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-129.
District Court of Appeal of Florida, Third District.
May 29, 1996.
Rehearing Denied July 3, 1996.
*190 Diane V. Ward, Miami, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Douglas J. Glaid, Assistant Attorney General, Hollywood, for appellee.
Before BARKDULL, LEVY and GREEN, JJ.
PER CURIAM.
The defendant, Raul Rodriguez, appeals his convictions of armed robbery and trespass. For the following reasons, we reverse his convictions and sentences.
In May 1991, three persons entered a Farm Stores while it was open for business, stealing money from the cash register and money and jewelry from a customer. The defendant was arrested and charged with two counts of armed robbery and one count of armed burglary with an assault or battery. The State moved to admit "Williams Rule" evidence of a robbery committed at a nearby restaurant by four or six persons, at night after the restaurant had closed, six days before the Farm Stores robbery. The trial court granted the motion, finding that the prior restaurant robbery showed that the defendant had a common plan.
The jury panel consisted of thirty prospective jurors. The trial court examined these persons for about thirty minutes, and the State examined them for about forty-five minutes. After defense counsel had conducted voir dire for about forty-five minutes, the trial court directed her to complete her voir dire examination in the next five minutes. Defense counsel objected to this time limitation, but the trial court refused to give her additional time.
The convictions and sentences must be reversed as a result of the trial court's *191 error in admitting the State's "Williams Rule" evidence. "Evidence of collateral crimes, wrongs, or acts committed by the defendant is admissible if it is relevant to a material fact in issue. Such evidence is not admissible where its sole relevance is to prove the character or propensity of the accused." Nordelo v. State, 603 So.2d 36, 38 (Fla. 3d DCA 1992), citing Czubak v. State, 570 So.2d 925, 928 (Fla.1990); § 90.404(2)(a), Fla.Stat. (1996). The record is devoid of any justification for admitting "Williams Rule" evidence in this case. In other words, the record does not reflect a sufficient showing of uniqueness of factors relating to the two crimes; the one for which the defendant was on trial and the "Williams Rule" crime. Williams v. State, 662 So.2d 419, 420 (Fla. 3d DCA 1995) (holding that "[p]roper Williams rule evidence is that which possesses `obvious and telling similarities' to the crime charged."); Gore v. State, 599 So.2d 978, 984 (Fla.), cert. denied, 506 U.S. 1003, 113 S.Ct. 610, 121 L.Ed.2d 545 (1992) (holding that cases where the Williams Rule evidence differs significantly from the facts of the charged crime only prove propensity and bad character). Actually, the two crimes involved facts not unusual to most robberies. See Peek v. State, 488 So.2d 52 (Fla.1986) (holding that collateral crime evidence is not admissible just because it involves the same type of crime).
In addition, based upon the facts of this case, it was error for the trial court, after forty-five minutes of defense counsel's voir dire of thirty prospective jurors, to advise defense counsel that she had only five minutes remaining. The appellant does not argue that a trial court lacks the ability to limit voir dire; that is not an issue in this case. In addition to acknowledging that the trial court has the authority to limit voir dire, appellant's counsel does not argue that fifty minutes would not be a sufficient amount of time to question the jurors. Rather, appellant's argument, which is correct, is that if the trial court is going to limit the amount of voir dire, counsel must be given reasonable notice of that limitation so that the attorneys can properly pace the timing of the voir dire examination. The appropriateness of those limitations will, of necessity, have to be evaluated on a case-by-case basis. See Williams v. State, 424 So.2d 148, 149 (Fla. 5th DCA 1982) (holding that defendant deserved a new trial where the trial judge prevented defense counsel from "asking pertinent questions not covered by the State or the court by a very short time limit imposed without apparent warning"). Naturally, the amount of time that is allotted for voir dire depends on the nature of the case and the reasonableness of the use, by the attorneys, of the time allotted by the court for voir dire. From time to time, however, there will be situations where, after listening to voir dire questioning that makes an inappropriate use of the time allotted, the trial court will need to place outside time limitations on the voir dire. Clearly, the earlier that counsel is advised of the time limitations, the better. As with the time limitation itself, the timeliness of the notification must also be reviewed on a case-by-case basis.
In view of the fact that we are reversing for the two foregoing reasons, we need not reach appellant's other grounds.
Reversed.