PER CURIAM.
Appellant appeals her conviction and sentence alleging error by the trial judge in unreasonably limiting voir dire questioning and, furthermore, in accepting the State’s explanation for striking a juror when, the appellant contends, the reasons given by the State were pretextual.
Prior to voir dire, the trial court gave each side twenty minutes to question the venire. Defense counsel objected and requested “a minimum of 30 minutes” to explore the potential jurors’ beliefs and theories. The trial court denied the motion and voir dire proceeded.
The State questioned the potential jurors for approximately 28 minutes without interruption from the court. Defense counsel then questioned the jurors, was given a five minute warning and, after a total of approximately 31 minutes, was cut off by the trial court.
Contrary to the State’s assertion that defense counsel got what she requested, defense counsel said she needed “a minimum of 30 minutes” which assumes at least 30 minutes and not that 30 minutes would be enough.
As set forth in Gosha v. State, 534 So.2d 912 (Fla. 3d DCA 1988), “as a matter of law, it is unreasonable and an abuse of discretion to limit counsel’s voir dire examinations of each potential juror to one-to-three minutes” Id. (emphasis added). Accordingly, we reverse.
In view of the fact that we are reversing on the first issue, we need not reach appellant’s second issue.
Reversed.