STONE, J.
We affirm Anderson’s conviction and sentence for grand theft. The trial court did not err or abuse its discretion in limiting voir dire.
Prior to the commencement of voir dire, the trial court informed the attorneys that jury selection would be limited to thirty minutes per side. There were no objections raised at this time. The court then asked background questions of each prospective juror, including where they reside, their employment status, marital status, and the employment of their spouse and children. The court also posed general questions to the entire panel, such as whether they or any member of their family had ever been arrested or been the victim of a crime, whether they had any relatives or close personal friends who were in law enforcement, and whether they could treat the testimony of a police officer like the testimony of any other witnesses. The court also made remarks about the presumption of innocence, the burden of proof, and the defendant’s right not to testify.
The state’s voir dire was within its allotted thirty minutes. Defense counsel then spent a majority of its thirty minute period asking questions concerning the presumption of innocence, burden of proof, a defendant’s right not to testify, and the jurors’ ability to evaluate a police officer’s testimony. Additionally, defense counsel asked those jurors who were the victim of a crime if they could separate their personal feelings from this case and remain impartial.
At the expiration of the thirty minute period, the trial court instructed defense counsel to “wrap it up.” Defense counsel then requested a few more minutes and approached the bench, where the following exchange took place:
THE COURT: What are the areas, because I limited you to thirty minutes. You can take time, however you want. Some of this stuff is repetitious.
DEFENSE COUNSEL: First of all, I object to setting a time limit on jury selection. I think this is unfair. I think there are issues that relate to the defense that need to be covered with the jury. I need to ask them those questions. I would like an opportunity to do it. I am not saying I am going to be much longer.
THE COURT: I told you at the beginning, it would be 30 minutes. You can use whatever time you want. This is a third degree felony ... even though Mr. Anderson is facing serious charges. What other areas do you want to go into that I will allow?
DEFENSE COUNSEL: Touch on circumstantial evidence, what that means. What their impression of that is. How they feel about that. I want to ask the jury specifically, about that.
I want to ask them, finish up what I started with the last juror, ask some other jurors how they feel about, what they have on their mind as far as somebody being the victim of circumstances.
I want to ask the jury how they feel about, if the jury is split and they find themselves disagreeing, can they stick to their gun if they honestly feel that way.
THE COURT: I will allow you five more minutes, that’s it, if you want. Handle it anyway.
Thereafter, defense counsel asked the potential jurors whether they believed a person could be the victim of circumstance. *644 Defense counsel also discussed the use of circumstantial versus direct evidence. At the conclusion of the five minute period, the trial court informed defense counsel that its time was up. Again, defense counsel objected to the time limitation. The trial court denied further relief.
Anderson argues that the time restriction prevented counsel from asking questions concerning the meaning of circumstantial evidence and whether the jurors would stick by their feelings in the event that the jury was split.
Trial courts have considerable discretion in controlling time allotted for voir dire. See Perry v. State, 675 So.2d 976, 979 (Fla. 4th DCA 1996). In reviewing a trial court’s discretionary decision to limit the amount of time allotted for voir dire, we consider “the nature of the case and the reasonableness of the use, by the attorneys, of the time allotted.” Rodriguez v. State, 675 So.2d 189, 191 (Fla. 3d DCA 1996).
Here, the trial judge recognized that the charged offenses were not severe and the questions posed concerned issues that were covered. See Watson v. State, 693 So.2d 69, 70 (Fla. 2d DCA 1997); Miller v. State, 683 So.2d 600, 602 (Fla. 2d DCA 1996). We, therefore, distinguish Perry, 675 So.2d at 979 (limitation constituted an abuse of discretion where the charged offenses were severe and the number of prospective jurors zuas inordinately large Xemphasis added) and O’Hara v. State, 642 So.2d 592, 593 (Fla. 4th DCA 1994)(limitation prevented counsel from asking questions concerning the theory of defense, as well as basic questions). Furthermore, we note that the trial judge informed Anderson of the limitation prior to the commencement of voir dire. This provided Anderson with the ability to pace the timing of his examination and make tactical decisions regarding what questions to ask. See Rodriguez, 675 So.2d at 191.
As to the other issues raised, we also affirm. See Massey v. State, 575 So.2d 1372 (Fla. 4th DCA 1991).
STEVENSON and SHAHOOD, JJ., concur.