IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LEON BULLARD,

     Appellant,

v.

STATE OF FLORIDA,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2076

Opinion filed July 14, 2015.

An appeal from the Circuit Court for Duval County.
Kevin A. Blazs, Judge.

Nancy A. Daniels, Public Defender, Barbara J. Busharis, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, Kristen Bonjour, Assistant Attorney General, Tallahassee, for Appellee.

THOMAS, J.

Appellant appeals a final order adjudicating him guilty of attempted second degree murder, aggravated battery with discharge of a firearm, and possession of a firearm by a convicted felon, along with the three consecutive mandatory minimum sentences. Appellant raises five issues on appeal; only two merit discussion. For the reasons explained below, we reverse Appellant's conviction

for aggravated battery with discharge of a firearm, and instruct the trial court to reduce the conviction to aggravated battery, and resentence Appellant accordingly. See § 924.33, Fla. Stat. We affirm Appellant's convictions of attempted second degree murder and possession of a firearm by a convicted felon, as well as the consecutive mandatory minimum sentences, subject to the aforementioned reduction in the sentence for aggravated battery.

At trial, Appellant moved for judgment of acquittal on the enhancement to the battery charge, arguing that there was no evidence of the firearm discharging a second time during the battery. We review a motion for judgment of acquittal *de novo*. Pagan v. State, 830 So. 2d 792, 803 (Fla. 2002). The only purported evidence of the firearm discharging during the battery was a surveillance video, and both parties agree that our review of this surveillance video is *de novo*. See Parker v. State, 873 So. 2d 270, 279 (Fla. 2004). Upon our close review of the video, we find that it does not provide evidence of this second discharge during the battery, and that the trial court erred in not granting a judgment of acquittal as to the enhancement of the battery charge. Without the enhancement, Appellant's 25-year sentence for aggravated battery could not be lawfully imposed.

Sentencing errors are reviewed *de novo*. Clowers v. State, 31 So. 3d 962, 965 (Fla. 1st DCA 2010). Section 775.087(2)(a)1., Florida Statutes, provides that any person convicted of, *inter alia*, aggravated battery, and "during the

2

commission of the offense, such person actually possessed a 'firearm'. . . shall be sentenced to a minimum term of imprisonment of 10 years . . . ." Therefore, we remand for resentencing.

Appellant also asserts that the trial court erred by imposing consecutive mandatory minimum sentences, arguing that the trial court's finding that consecutive sentences were required by law was erroneous. We disagree. Section 775.087(2)(d), Florida Statutes, plainly states that consecutive mandatory minimum sentences shall be imposed for each qualifying felony count; additionally, this court held as much in, *inter alia*, Walton v. State, 106 So. 3d 522 (Fla 1st DCA 2013), *review granted*, 123 So. 3d 1148 (Fla. 2013), and Jackson v. State, 157 So. 3d 539 (Fla. 1st DCA 2015). Consequently, we affirm the lower court's order imposing consecutive mandatory minimum sentences, subject to the aforementioned correction in the sentence for aggravated battery.

AFFIRMED in part, REVERSED in part, and REMANDED for resentencing.

MARSTILLER and KELSEY, JJ., CONCUR.