DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DEMETRIUS JEFFREY HOPKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D15-4266

[ July 12, 2017 ]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 13CF011872AMB.

Carey Haughwout, Public Defender, and Patrick B. Burke, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Appellant, Demetrius Jeffrey Hopkins, was found guilty by a jury of first-degree murder with a firearm. On appeal, he argues that the trial court abused its discretion in denying his motion for continuance, imposing an unreasonable time limitation on voir dire, and denying challenges for cause of two jurors who expressed doubts about their ability to follow the law if appellant did not testify. We affirm the trial court's ruling on the motion for continuance but reverse for a new trial because of the trial court's errors during jury selection.

At the beginning of trial, the trial court advised counsel that each side would be limited to three hours for voir dire. Defense counsel objected to this time limit, and when the clerk later announced the end of the three hours, he renewed his objection and requested twenty additional minutes to question seven remaining jurors whom he had not been able to question individually. Defense counsel proffered to the court the areas of inquiry he wanted to cover, including firearms and misidentification. The trial court denied the request.

We review a trial court's imposition of time limits on voir dire for an abuse of discretion. *O'Hara v. State*, 642 So. 2d 592, 593–94 (Fla. 4th DCA 1994).

Florida Rule of Criminal Procedure 3.300(b) affords the parties a reasonable voir dire examination of prospective jurors. The rule preserves the "right of the parties to conduct an examination of each juror orally." *Id.* "The purpose of voir dire is to obtain a 'fair and impartial jury to try the issues in the cause.'" *Williams v. State*, 424 So. 2d 148, 149 (Fla. 5th DCA 1982) (quoting *King v. State*, 390 So. 2d 315, 319 (Fla. 1980), *receded from on other grounds by Strickland v. State*, 437 So. 2d 150 (Fla. 1983)).

Trial courts have considerable discretion in determining the extent of counsel's examination of prospective jurors. This includes setting time limitations on voir dire. *Perry v. State*, 675 So. 2d 976, 979 (Fla. 4th DCA 1996). However, limits that do not "flex with the circumstances" can result in unreasonable curtailment of counsel's efforts to obtain a "fair and impartial jury to try the issues in the cause." *Williams*, 424 So. 2d at 149.

According to appellant, the trial court's pre-established time limit on voir dire allowed counsel only 3.6 minutes per juror and prevented counsel from pursuing a reasonable voir dire examination.[1] *See Gosha v. State*, 534 So. 2d 912, 912 (Fla. 3d DCA 1988) (holding that, as a matter of law, a one-to-three minute limit for voir dire examination of each potential juror is unreasonable and an abuse of discretion).

The state, relying on *Anderson v. State*, 739 So. 2d 642 (Fla. 4th DCA 1999), responds that the trial court did not abuse its discretion in limiting voir dire in this case. In *Anderson*, we affirmed the trial judge's 30-minute limitation on voir dire for each party. We stated that "[i]n reviewing a trial court's discretionary decision to limit the amount of time allotted for voir dire, we consider 'the nature of the case and the reasonableness of the use, by the attorneys, of the time allotted.'" *Id.* at 644 (quoting *Rodriguez v. State*, 675 So. 2d 189, 191 (Fla. 3d DCA 1996)).

We find *Anderson* distinguishable. Unlike the less severe grand theft charge in *Anderson,* the charged offense in this case was first-degree murder with a firearm. Moreover, as we pointed out in *Anderson*, defense counsel in that case did not object when the trial court informed counsel of the 30-minute limitation at the beginning of voir dire. Here, in contrast, defense counsel objected to the initial imposition of the 180-minute time

---

[1] The jury pool started with 80 potential jurors but was reduced to about 50 potential jurors by the time appellant began his examination.

2

limit, as well as to the trial court's later refusal to extend the time for examination. Given the large jury pool and the very few minutes the 3-hour time permitted counsel with each juror, the trial court abused its discretion in refusing to grant a few additional minutes, where there were jurors whom defense counsel could not reach within the allotted time for voir dire. *See Perry*, 675 So. 2d at 979 (holding that the trial court abused its discretion when it terminated voir dire before defense counsel had an opportunity to question all jurors individually).

Appellant next argues that the trial court committed reversible error in denying his cause challenges of two jurors who expressed ambivalence about their ability to follow the law if the defendant chose not to testify.

During jury selection, when defense counsel asked whether the jurors would be influenced by an accused's decision not to testify, the following exchange occurred:

> **Juror Mr. C:** You know, I'm constitutionalist. I fully understand why the 5th is the 5th but, it's -- you know, there are two sides to every story, and both sides are going to get the -- a lot of the details wrong but, unless you hear both sides, you can't -- I don't think you could actually -- yeah, that's tough for me.

> **Defense Counsel:** I hear what you're saying, you're saying, it's tough. And I think most people and -- was it Ms. C with the seven children. You mentioned how in deciding what you would do in terms with your children, you would hear both sides, you know, and talk to your kids, and so this kind of applies with us too. You might have that kind of, like, it's the normal reaction, yeah, I want to hear both of sides, but you might not. And the question really is -- it's not, do you want to hear both sides.

> **Juror Mr. C**: I know the question you're asking, it's going to a negative -- it may not be enough to influence me or to change my mind one way or another, but it's going to negatively influence the way I'm thinking about what's going on.

> **Defense Counsel**: Okay. And could it negatively influence the way you are thinking in a way that would be adverse to the accused?

> **Juror Mr. C**: That possibility exists.

3

Another prospective juror, Juror Mr. P, stated that he had similar concerns about a defendant not testifying. He noted that politicians are notorious for taking "The Fifth" on issues they do not want to address for fear of being incriminated. The trial judge pointedly asked Juror Mr. P if he could simply follow the law. Juror Mr. P initially replied, "I believe I can, yes," but then he added, "I'm not certain that I can."

Defense counsel moved to strike Jurors Mr. C and Mr. P for cause. After the trial court denied the motions, defense counsel used peremptory strikes on these jurors and requested two additional peremptory challenges to strike other objectionable venirepersons. When the trial court denied the request, defense counsel noted for the record that his acceptance of the jury was subject to the qualification that he would have used a peremptory challenge on Juror Ms. C, a bartender like the critical trial witness against appellant. Juror Ms. C actually sat on the jury.

The standard of review of a trial court's ruling on a cause challenge is abuse of discretion. *Ranglin v. State*, 55 So. 3d 744, 746 (Fla. 4th DCA 2011). "The test for determining juror competency is whether a prospective juror can lay aside any prejudice or bias and decide the case based solely on the evidence and the court's instructions." *Chapman v. State,* 593 So. 2d 605, 606 (Fla. 4th DCA 1992). When there is a reasonable doubt about the ability of a juror to decide the case fairly and impartially, the juror should be excused for cause. *Id.* "[A]mbiguities or uncertainties about a juror's impartiality should be resolved in favor of excusing the juror." *Carratelli v. State*, 961 So. 2d 312, 318 (Fla. 2007).

In this case, the responses of Jurors Mr. C and Mr. P. during voir dire examination raised reasonable doubt as to their ability to render an impartial decision. Mr. C admitted that not hearing the defendant's side of the story might negatively influence his view of the defense. Mr. P likewise was not certain he could follow the law if the defendant exercised his right not to testify. Thus, these jurors should have been excused for cause and appellant should not have been required to use his peremptory challenges to excuse them.

Each of the trial court's errors during jury selection provides an independent ground for reversal. Accordingly, we reverse appellant's conviction and sentence and remand for a new trial.

*Reversed and Remanded for a new trial.*

WARNER and LEVINE, JJ., concur.

4

*     *     *

*Not final until disposition of timely filed motion for rehearing.*