DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERMANE THOMANY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-755

[July 18, 2018]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Marni A. Bryson, Judge; L.T. Case No. 13CF008026AMB.

Robyn M. Blake, Miami, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from his conviction for first degree murder. The defendant's sole argument on appeal is that the trial court erred in limiting the amount of time given to his trial counsel for voir dire.[1] We review a trial court's imposition of time limits on voir dire for an abuse of discretion. *Hopkins v. State*, 223 So. 3d 285, 286 (Fla. 4th DCA 2017). Applying that standard of review, we conclude that although the trial court limited the amount of time given to both sides for voir dire, the amount of time was sufficient to have allowed the defendant's trial counsel to have completed voir dire. Therefore, we affirm.

In rendering this decision, we write to convey four points.

First, counsel's time for voir dire is not unlimited. We recognize that Florida Rule of Criminal Procedure 3.300(b) provides: "Counsel for both the state and defendant shall have the right to examine jurors orally on their voir dire. . . . The right of the parties to conduct an examination of each juror orally shall be preserved." However, we have interpreted this

---

[1] The defendant's appellate counsel was not the defendant's trial counsel.

rule as affording the parties "a *reasonable* voir dire examination of prospective jurors." *Hopkins*, 223 So. 3d at 286 (emphasis added); *O'Hara v. State*, 642 So. 2d 592, 593 (Fla. 4th DCA 1994) (same). Here, it appears that the defendant's trial counsel spent an extraordinary amount of time asking questions not reasonably intended to elicit useful information in deciding whether to exercise cause or peremptory challenges. Rather, it appears counsel's questions primarily were intended to plant seeds in the jury's mind about the defendant's theory of the case, to be argued later during trial. Such "pre-trying" of the case is not the purpose of voir dire, nor is it an appropriate use of the amount of time provided for voir dire.

Second, despite the fact that defense counsel could have made better use of the allotted time, the trial court should not read this opinion as suggesting that inflexibility in the amount of time provided for voir dire is a wise path upon which to continue to travel. *See Hopkins*, 223 So. 3d at 286 ("[L]imits that do not flex with the circumstances can result in unreasonable curtailment of counsel's efforts to obtain a fair and impartial jury to try the issues in the cause.") (citation and internal quotation marks omitted); *O'Hara*, 642 So. 2d at 593-94 ("A trial court abuses its discretion when the imposition of unreasonable time limitations or limitations on the number of questions results in the loss of this fundamental right."). A brief extension of time would have been far less than the many hours which both sides' appellate counsel spent on this appeal, and many days less than the amount of time which would have been necessary to try this case again if we decided to reverse.

Third, no mathematical formula exists, nor should a mathematical formula exist, for the amount of time provided for voir dire. We recognize that in certain cases, our opinions have included statements which the defendant has inferred to suggest that a mathematical formula should be applied to voir dire. *See Hopkins*, 223 So. 3d at 286 ("According to appellant, the trial court's pre-established time limit on voir dire allowed counsel only 3.6 minutes per juror and prevented counsel from pursuing a reasonable voir dire examination"); *O'Hara*, 642 So. 2d at 594 ("Under the facts in this case, the trial court abused its discretion in limiting voir dire questioning to less than two minutes per prospective juror."). No such suggestion should be inferred. "In reviewing a trial court's discretionary decision to limit the amount of time allotted for voir dire, we consider the nature of the case and the reasonableness of the use, by the attorneys, of the time allotted." *Anderson v. State*, 739 So. 2d 642, 644 (Fla. 4th DCA 1999) (citation and internal quotation marks omitted). We have applied that standard in this case, and shall continue to apply that standard on a case-by-case basis.

Fourth, we question the trial court's reason for denying the defendant's motion for new trial, which raised the same argument as in this appeal. The trial court's order, denying the motion, reasoned:

> [The defendant] claims he is deserving of a New Trial because the Court unreasonably restricted his time allotment to conduct a meaningful voir dire examination. In that regard, the Court finds that [the defendant's counsel] had twenty nine (29) days to frame his voir dire within the time limits set by the Court, yet decided, instead of conforming his voir dire examination to the Court's pretrial order, to ask numerous irrelevant and time consuming questions about matters which had nothing or very little to do with any prospective juror's qualifications or ability to serve. *Based on this premeditated conduct, it is patently obvious that counsel conducted his voir dire in a manner to attempt to preserve this issue for appeal without ever attempting to conform his conduct to the reasonable time limitations set forth nearly a month before trial in its Amended Scheduling Order.*

(emphasis added). We recognize that "the trial court is in the best position to evaluate what is going on in the jury selection process." *Hoskins v. State*, 965 So. 2d 1, 11 (Fla. 2007). However, we see nothing, at least in the written record, supporting the trial court's finding that "counsel conducted his voir dire in a manner to attempt to preserve this issue for appeal." Rather, as stated above, it appears that counsel's questions primarily were intended to "pre-try" the case. Although such "pre-trying" of the case is not a proper purpose of voir dire either, we view such conduct as less egregious than the conduct which the trial court suspected had motivated defense counsel in this case.

On a final note, although we have commented upon the manner in which defense counsel conducted voir dire in this case, we do not view counsel's conduct as reaching the level of ineffective assistance. Based on our review of the record, it does not appear the defendant was prejudiced.

*Affirmed.*

GROSS and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

3