DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DONALD LEE CASSADAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3066

[January 15, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Cheryl Caracuzzo, Judge; L.T. Case No. 50-2016-CF-006694-AXXX-MB.

Gregory Salnick of the Law Offices of Salnick & Fuchs, P.A., West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jeanine Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, C.J.

Appellant was convicted of sexual battery on a helpless person, pursuant to section 794.011(4)(b), Florida Statutes. Appellant argues that the trial court abused its discretion by limiting the time for questioning during voir dire. The trial court initially gave each side 45 minutes, but allowed appellant to continue questioning prospective jurors for closer to 70 minutes, and then gave appellant an additional 5 minutes after appellant requested more time, for a total of 75 minutes. We find that under the circumstances of this case, the 75 minutes given to appellant was not an abuse of discretion. We also reaffirm this court's position that there is no mathematical formula that determines how much time the trial court should allocate for voir dire and reiterate that this determination is made on a case-by-case basis. Thus, we find that the time given for voir dire in this case was not an abuse of the trial court's discretion and affirm. We also find the other issue to be without merit and we affirm that issue without further discussion.

The victim attended a funeral reception where the attendees, including

the victim, consumed alcoholic drinks. After the funeral reception, a group from the reception, including the victim's son and appellant, went to the victim's home. The victim was put to bed due to her intoxicated state. Later the victim's son went to check on the victim and found appellant in the victim's room. The victim's son saw appellant with his pants half down, trying to have sex with the victim. The victim remained unconscious throughout. The victim's son told appellant to get out, and appellant left the house. The victim's son followed appellant and punched him when he caught up to him. Appellant then jumped a fence and ran away. The victim did not remember being assaulted.

Law enforcement then interviewed appellant and asked him the following:

> DETECTIVE VAUGHAN: You had a little too much to drink and had a lapse of judgment?
>
> DONALD CASSADAY: That is what happened.
>
>    . . . .
>
> DETECTIVE VAUGHAN: That's the way it happened? You just said "that's what happened." So what happened?
>
> DONALD CASSADAY: That is—that is what happened.
>
> DETECTIVE VAUGHAN: What; that you had a lapse of judgment?
>
> DONALD CASSADAY: Yes.
>
> DETECTIVE VAUGHAN: So tell us what happened.
>
> DONALD CASSADAY: Exactly. I went in there and uhm—I tried to have sex with her and that wasn't happening.

Detectives interviewed appellant a second time where he spoke about the physical interaction he had with the victim with greater specificity.

Before the trial, the trial court informed the parties that "[t]he Court will conduct general questioning during jury selection and the parties will have 45 minutes for additional questioning." Defense counsel filed an objection stating that the defense needed more time to question the jurors due to recent increased media coverage of sexual battery cases in general

as well as appellant's intent to offer a false confession defense. Defense counsel requested 2 hours instead of 45 minutes to question the 40 jurors. The trial court denied the request.

At the outset of voir dire, the trial court explained to the prospective jurors basic concepts including presumption of innocence, witness credibility, burden of proof, and a defendant's right not to testify. The trial court also asked the prospective jurors whether they had been on juries before and whether they could be fair jurors.

The parties then questioned the prospective jurors. When defense counsel asked a prospective juror about her ability to judge the credibility of witnesses, the trial court sustained the state's objection to the defense pre-trying the case. Defense counsel also asked the prospective jurors whether they thought law enforcement could make mistakes, whether police would plant or mishandle evidence, whether people could be falsely accused of crimes, and finally, whether they believed people might confess to crimes they did not commit. The state made another objection to the defense pre-trying the case when defense counsel asked a prospective juror whether she could accept a false confession defense. The trial court overruled the objection. The trial court then clarified that defense counsel could ask if the potential jurors would consider a false confession defense, but could not tell the prospective jurors the reasons that someone would give a false confession.

Defense counsel continued by asking the prospective jurors whether they thought different factors would cause someone to make a false confession and whether law enforcement officers should be allowed to lie in order to get a confession. Defense counsel also asked how the prospective jurors would balance the credibility of civilian witnesses against law enforcement witnesses. Defense counsel asked whether the prospective jurors had ever been falsely accused and whether they could fairly evaluate a false confession defense.

At this juncture, defense counsel asked for another 20 minutes. Defense counsel claimed that he needed the additional time to discuss whether individual jurors believed that officers commit misconduct and how they would weigh the credibility of law enforcement witnesses. The trial court thought that defense counsel had already covered those areas and told defense counsel that he had "asked general questions of all of them" already and that the jurors had raised their hands accordingly. Defense counsel then said that he wanted to question individual jurors about media coverage and whether the jurors were ever falsely accused. Once again, the trial court reminded defense counsel that he had already

3

asked about these topics and no jurors had raised their hands. The trial court told defense counsel, "You've spent your entire jury selection on what the Court feels is pretrying your case; you have not hit any of the constitutional things that one normally does in jury selection."

Despite that, the trial court gave the defense another 5 minutes for voir dire so that defense counsel could ask the prospective jurors about the burden of proof and how they felt about whether appellant testified. Defense counsel objected again to the time limit. This 5 minutes was in addition to the nearly 70 minutes already utilized by the defense. Thus, the original 45 minutes had expanded to approximately 75 minutes to question the prospective jurors.

After the jury selection, defense objected again to the "time limitations" and refused to accept the jury panel. The trial court seated the panel over defense counsel's objection and stated the following:

> All right. And noting the objection for the record. I want the record to also reflect that this Court gave previous notice that there would be a time limitation of 45 minutes on each side. The Court did see the objection and we discussed it this morning where Defense counsel asked for an additional 2 hours; that request was denied.
>
> However, we did spend over an hour and 20—almost 25 minutes on jury selection. I find that the entire time that the Defense did the questioning that you spent asking questions primarily intended to plant seeds about your theory of the case. A lot of the questions were pre-trying the case which is not the purpose of voir dire.
>
> It should be noted that the Court exercised its discretion to allow for my [sic] questioning than originally allotted based on the nature of some of the responses.
>
> At one point I even cautioned that I believed that some questions were designed to pre-try, but Defense chose to use their allotted time to continue that course of questioning. There was no objections by State, so that questioning was permitted.
>
> The Court also gave you a brief extension to cover any other important grounds. As such; the time allotted was reasonable

4

and I will seat this panel over Defense objection. However, it will be objected to for the purposes of the appellate record.

The jury selection was then completed and the jurors were sworn in. No additional requests for time were made by the defense at this time.

The jury found appellant guilty as charged for sexual battery on a helpless person. Appellant appeals this conviction.

We review the trial court's imposition of a time limit on voir dire under the abuse of discretion standard. *Hopkins v. State*, 223 So. 3d 285, 286 (Fla. 4th DCA 2017).

Appellant argues that the trial court's time limit on voir dire was error because defense counsel had remaining issues to discuss with the prospective jurors. The state argues that appellant did not preserve his objection to the time limitation and, alternatively, that the time limits were not unreasonable under the circumstances. We find appellant preserved this issue, as even the trial court noted that appellant "objected . . . for the purposes of the appellate record."

"Florida Rule of Criminal Procedure 3.300(b) affords the parties a reasonable voir dire examination of prospective jurors." *Hopkins*, 223 So. 3d at 286. The operative consideration is what is reasonable and who is in the best position to evaluate what is a reasonable voir dire examination in order "to obtain a fair and impartial jury to try the issues in the cause." *Id.* (citation and quotation marks omitted). The trial court invariably "is in the best position to evaluate what is going on in the jury selection process," *see Hoskins v. State*, 965 So. 2d 1, 11 (Fla. 2007), and has "considerable discretion in controlling the time allotted for voir dire, as well as the extent of counsel's questions." *Perry v. State*, 675 So. 2d 976, 979 (Fla. 4th DCA 1996).

In determining whether the trial court abused its discretion, we consider several points as stated by this court in *Thomany v. State*, 252 So. 3d 256 (Fla. 4th DCA 2018). Initially, "counsel's time for voir dire is not unlimited." *Id.* at 257. The rule allowing for counsel's examination of jurors affords a "*reasonable* voir dire examination." *Id.* (citation omitted). Unlimited is not reasonable. The trial court is in the best position to determine if defense counsel's examination "spent an extraordinary amount of time asking questions not reasonably intended to elicit useful information in deciding whether to exercise cause or peremptory challenges." *Id.*

Further, the court in *Thomany* was concerned that counsel's questions "were intended to plant seeds in the jury's mind about the defendant's theory of the case, to be argued later during trial." *Id.* Such were the circumstances in this case. Here, defense counsel spent much of his time "pre-trying" the case for argument later in the trial. Defense counsel argued about false confessions, law enforcement misconduct, and ultimately law enforcement coercing false confessions. As *Thomany* correctly stated, "[s]uch 'pre-trying' of the case is not the purpose of voir dire, nor is it an appropriate use of the amount of time provided for voir dire." *Id.* This case is unlike *Strachan v. State*, 279 So. 3d 1231, 1236 (Fla. 4th DCA 2019), where the defense counsel did not primarily use voir dire to "pre-try" the case, but rather used the time allotted "very wisely" to seat a fair and objective jury.

However, even where defense counsel does not make "wise" use of his time, the trial court ought not see that as justification for "inflexibility in the amount of time provided for voir dire" or as a "wise path" to follow. *Thomany*, 252 So. 3d at 257. *Thomany* suggested "[a] brief extension of time" as preferable to the many hours spent on an appeal and additional days spent on a new trial if the case is reversed. *Id.* In the present case, the trial court did grant a "brief extension," albeit only 5 minutes. However, this 5 minute allotment was in addition to the extension of time from the original 45 minutes to nearly 70 minutes. *See Anderson v. State*, 739 So. 2d 642, 643 (Fla. 4th DCA 1999) (finding that sufficient voir dire time was given where the initial grant was for 30 minutes and an additional 5 minutes was requested and granted).

Finally, *Thomany* states that "no mathematical formula exists, nor should a mathematical formula exist, for the amount of time provided for voir dire." 252 So. 3d at 257. We agree, and reiterate the *Thomany* standard that there is no minimum time required in considering whether there was sufficient time to pick a jury. "[W]e consider the nature of the case and the reasonableness of the use, by the attorneys, of the time allotted." *Anderson*, 739 So. 2d at 644 (citation and quotation marks omitted); *see also Watson v. State*, 693 So. 2d 69, 70 (Fla. 2d DCA 1997) (holding that the trial court did not abuse its discretion in refusing to give even more time, after awarding 8 additional minutes already, because "the proffered questions were either of minimal significance, covered by the general jury instructions, or covered during the state's voir dire examination").

In conclusion, although we recognize that the number of prospective jurors and the time allotted by the trial court are relevant factors, we determine whether the trial court abused its discretion on a "case-by-case

basis" and not by any hypothetical mathematical formula. *Watson*, 693 So. 2d at 70; *see also Hopkins*, 223 So. 3d at 287 (illustrating the varying factors that a court must weigh in each case, such as the size of the jury pool and the court's refusal to grant any additional time). Having considered the nature of the case, the use of the allotted time by defense counsel, and the extensions of time given by the trial court during voir dire, we find that the trial court did not abuse its discretion when it gave counsel approximately 70 minutes and then an additional 5 minutes instead of the 2 hours requested by defense counsel. We affirm.

*Affirmed.*

WARNER, J., and PHILLIPS, CAROL-LISA, Associate Judge, concur.

\*   \*   \*

***Not final until disposition of timely filed motion for rehearing.***