# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-0012
_____

BYRON DAVONNE MCMATH,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____


On appeal from the Circuit Court for Leon County.
Francis J. Allman, Jr., Judge.


May 7, 2025

M.K. THOMAS, J.

Byron McMath appeals his conviction and sentence for multiple felonies. He argues the trial court erred in imposing a time limit on voir dire and in computing his sentence. We are presented with the issue of whether a trial judge's imposition of a time limitation on voir dire constitutes per se prejudicial error as a violation of due process rights. Because we answer in the negative and find no abuse of discretion and no reversible error in sentencing, we affirm.

## I. Facts

McMath was charged by amended information with (1) armed burglary with assault, (2) use of a weapon in commission of a

felony, (3) sexual battery by threats reasonably believed, (4) possession of burglary tools, (5) domestic battery, and (6) petit theft. The State later dropped the petit theft and use of a weapon charges.

About a month before trial, the court issued a trial management order* which declared in part, "[E]ach side shall have no more than seventy-five (75) minutes to conduct their oral voir dire of prospective jurors." Counsel for McMath filed a written objection to the court's order, contesting the limitation on voir dire as arbitrary and violative of McMath's due process rights. The trial court noted the objection but maintained the time limit. One month later, a second jury selection was conducted.

For the second jury selection, the trial court again allotted seventy-five minutes per side to question the jury venire. Defense counsel renewed the objection to the court's limitation on voir dire, and the trial court overruled the objection. Before the parties began questioning, the trial court requested the first twenty-one jurors answer "general questions" from a prepared questionnaire. Later, during the questioning of a prospective juror by defense counsel, the court called counsel to sidebar and told her that she had reached the time limit. Defense counsel requested "no more than 15 minutes" but the trial court denied the request, giving counsel "one minute to wrap up." Defense counsel renewed the objection to the time limit, stating that counsel was not able to ask questions related to self-defense, consent, personal feelings regarding graphic evidence, firearms, military service, or jury instructions.

The jury returned a verdict of guilty on all counts except for sexual battery by threats reasonably believed for which the jury found McMath guilty of the lesser included offense of sexual battery. Prior to sentencing, McMath filed a written objection to the scoresheet, challenging, in part, the State's proposed

---

* The issued order advised that trial was set for the week of June 27, 2022. The parties acknowledge that the first jury selection took place on June 27, 2022, but the proceeding was not transcribed or made a part of the record.

2

scoresheet listing armed burglary as level 9 when the Criminal Punishment Code categorized the offense as a level 8. At the sentencing hearing, McMath renewed the objection to the upward classification of the offense level. The court overruled the objection, finding that the statutory enhancement language under section 775.087(1)(b), Florida Statutes, would result in a level 9 scoring of armed burglary in this instance. The court denied a subsequent motion to correct sentencing error which pressed the same argument made at sentencing.

## II. Analysis

### *A. Voir Dire*

Appellate courts review a trial court's imposition of a time limit on voir dire for abuse of discretion. *See Harrison v. State*, 172 So. 3d 1018, 1020 (Fla. 1st DCA 2015); *see also Thomany v. State*, 252 So. 3d 256, 256–57 (Fla. 4th DCA 2018). "The trial court has the inherent authority to control the scope of voir dire examination so that the trial may 'progress in an orderly and expeditious manner.'" *Tallahassee Hous. Auth. v. Prather*, 304 So. 3d 403, 405 (Fla. 1st DCA 2020) (quoting *Mizell v. New Kingsley Beach, Inc.*, 122 So. 2d 225, 227 (Fla. 1st DCA 1960)); *see also Williams v. State*, 424 So. 2d 148, 149 (Fla. 5th DCA 1982) (stating that a trial court "has considerable discretion in determining the extent of counsel's examination of prospective jurors"). The parties have the right to oral examination of prospective jurors and may question the jury venire collectively or individually. *See* Fla. R. Crim. P. 3.300(b). Courts interpret rule 3.300(b) to provide for a "reasonable" examination of prospective jurors. *See Hopkins v. State,* 223 So. 3d 285, 286 (Fla. 4th DCA 2017); *Williams*, 424 So. 2d at 149.

McMath argues it is per se prejudicial error to impose a time limit on voir dire that results, as it did below, in less than two minutes per prospective juror. In support, McMath relies upon *Gosha v. State*, 534 So. 2d 912 (Fla. 3d DCA 1988). In *Gosha*, the Third District held that "as a matter of law, it is unreasonable and an abuse of discretion to limit counsel's voir dire examinations of each potential juror to one-to-three minutes." *Id.* at 912. The *Gosha* court concluded, "Although a trial court has 'considerable discretion in determining the extent of counsel's examination of

3

prospective jurors,' here, the extreme time constraints imposed by the court prevented counsel from pursuing a reasonable voir dire examination." *Id.* at 913 (citing *Williams v. State*, 424 So. 2d at 149).

Subsequent cases from the Third District citing *Gosha* have not treated it as establishing that a time limitation on voir dire of one-to-three minutes per prospective juror constitutes per se reversible error. *See Rodriguez v. State*, 675 So. 2d 189, 191 (Fla. 3d DCA 1996) (reversing in part because counsel was not provided with reasonable notice of the time limitation before questioning began but was notified of the limitation during questioning); *Cohn v. Julien*, 574 So. 2d 1202, 1203 (Fla. 3d DCA 1991) (holding that fifteen minutes for voir dire examination is unreasonable for a "complex and difficult medical malpractice wrongful death case"); *Pineda v. State*, 571 So. 2d 105, 106 (Fla. 3d DCA 1990) (granting reversal because the time limitation "prevented Pineda's counsel from adequately following up in an area of inquiry which proved important in light of the charges and the theory of defense"). Instead, consideration is given to the unique facts of each case in reaching a determination of whether an abuse of discretion occurred.

McMath also cites *O'Hara v. State*, 642 So. 2d 592, 594 (Fla. 4th DCA 1994), in which the Fourth District determined that a trial court abused its discretion in limiting voir dire to less than two minutes per prospective juror because it prevented counsel from asking general and pertinent questions. But the Fourth District did not conclude that "as a matter of law" a certain time limitation was per se prejudicial. The court clarified, "[u]nder the facts in this case, the trial court abused its discretion in limiting voir dire questioning to less than two minutes per prospective juror. The foregoing limitation of voir dire questioning prevented defense counsel from asking pertinent questions about the First Amendment as well as basic general questions." *Id.*

Relevant to any argument for per se prejudicial error, the Florida Supreme Court outlined, "[p]er se reversible errors are limited to those errors which are 'so basic to a fair trial that their infraction can never be treated as harmless error.'" *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986) (quoting *Chapman v.*

4

*California*, 386 U.S. 18, 23 (1967)). In other words, per se reversible errors are "those errors which are *always* harmful." *Id.* This sets a high bar.

The State argues, and we agree, that the reasonableness of an imposed time limit on voir dire is dependent on the facts of each case. *See Cassaday v. State*, 289 So. 3d 915, 920 (Fla. 4th DCA 2020) ("[W]e determine whether the trial court abused its discretion on a 'case-by-case basis' and not by any hypothetical mathematical formula."); *Watson v. State* 693 So. 2d 69, 70 (Fla. 2d DCA 1997) ("The appropriateness of the time limitation imposed by a trial court must be reviewed on a case-by-case basis."); *Rodriguez*, 675 So. 2d at 191 (holding review of a trial court's allotment of time for voir dire "depends on the nature of the case and the reasonableness of the use, by the attorneys, of the time allotted"). Though not per se prejudicial, the time allotment itself is a factor to be considered by the trial judge. Where time limits on voir dire are imposed, trial courts should remain flexible as the circumstances of individual cases may necessitate additional time. *See Hopkins*, 223 So. 3d at 286 ("[L]imits that do not 'flex with the circumstances' can result in unreasonable curtailment of counsel's efforts to obtain a 'fair and impartial jury to try the issues in the cause.'"). Thus, we look to the facts and circumstances of voir dire as it occurred below to determine whether the court abused its discretion in limiting voir dire to seventy-five minutes. McMath must demonstrate prejudice suffered because of the limitation and, if the circumstances justify the limitation, then the trial court did not abuse its discretion. *See Prather*, 304 So. 3d at 405–06.

In reviewing an attorney's use of the time allotted for voir dire, we note, "[t]he purpose of conducting voir dire is to secure an impartial jury." *Davis v. State*, 461 So. 2d 67, 69–70 (Fla. 1984); *see also Fleming v. State*, 366 So. 3d 1179, 1182 (Fla. 1st DCA 2023). To this end, the manner in which voir dire is conducted is largely within the discretion of the parties, and it is incumbent upon the attorneys to narrow their questions to discern the impartiality and capability of the prospective jurors to serve on the panel. But the parties do not have an absolute right to ask any and all questions as "[t]he extent of a party's voir dire examination is within the trial court's discretion." *Leamon v. Punales*, 582 So. 2d

5

8, 9 (Fla. 3d DCA 1991); *see also Watson*, 693 So. 2d at 70 (finding that the trial court did not abuse its discretion in refusing to extend voir dire because "the proffered questions were either of minimal significance, covered by the general jury instructions, or covered during the state's voir dire examination").

At jury selection, the trial court administered a general questionnaire to prospective jurors and each juror answered those questions, which ranged from occupation and marital status to personal or familial relationships or experiences with law enforcement or the courts. The prosecutor queried the prospective jurors on military service and their ability to serve on the jury. Defense counsel also questioned prospective jurors both collectively and individually.

Because McMath challenges only the time limit on voir dire, defense counsel's use of the time allotted is a factor in adjudging the reasonableness of the limitation. While defense counsel did ask pointed background questions of some individual jurors, other questions included what books jurors had read, whether anyone had seen a particular movie or if they enjoyed movies generally, personal knowledge of the legal standards of the termination of parental rights, and what some jurors saw in a picture of an optical illusion. While these questions may be relevant, the responses and discussion that followed indicated their minimal significance. Shortly after defense counsel asked prospective jurors how important they felt communication was to a relationship, the judge advised counsel that she had reached her allotted time. The judge then denied a request for an additional fifteen minutes, and counsel renewed her objected to the limitation, asserting that she was not able to question the venire on self-defense, defense of consent, firearms, military experience, or jury instructions.

Analyzing the circumstances of this specific case, the parties knew at least one month prior to voir dire that a seventy-five-minute limitation had been imposed. Further, the trial court administered a general questionnaire to prospective jurors that allowed the parties to narrowly tailor additional questions within the period provided. Although defense counsel averred that she was unable to address certain matters, we note that both the general jury questions and the State's voir dire examination

6

covered some of these same topics. Having considered the context of the limitation on voir dire, the use of the allotted time by defense counsel, and the basis of the objection to the limitation, we conclude that the trial court did not abuse its discretion.

While we do not adopt the notion that time limits on voir dire constitute per se reversible error, such time limitations should be applied with caution and be specifically tailored to each case. When considering the appropriateness of a time limit, trial courts should consider the number and complexity of the charges faced by the defendant and the questions and answers elicited by the trial judge, among others.

### B. Sentencing

In his motion to correct sentencing error, McMath argues the lower court erred in scoring his conviction for armed burglary of dwelling with a person assaulted. Motions to correct sentencing errors involve questions of law subject to de novo review. *See Ray v. State*, 68 So. 3d 346, 347 (Fla. 1st DCA 2011); *see also Bullard v. State*, 168 So. 3d 346, 347 (Fla. 1st DCA 2015) ("Sentencing errors are reviewed *de novo*.").

Burglary of a dwelling is a second-degree felony punishable up to fifteen years in prison and is a level 7 offense per the Criminal Punishment Code. *See* §§ 810.02, 921.0022(3)(g), Fla. Stat. Burglary of a dwelling with a person assaulted or where the offender is or becomes armed is a first-degree felony and a level 8 offense. *See* §§ 810.02(2)(a)–(b), 922.0022(3)(h), Fla. Stat. Section 775.087(1), Florida Statutes, allows for felony reclassification and enhanced penalties if a weapon or firearm was carried, displayed, used, or used to threaten or if the defendant commits an aggravated battery during a qualifying felony.

McMath asserts that the trial court erred in reclassifying his offense from level 8 to level 9. We disagree. While the jury found McMath guilty of armed burglary with assault, the jury also found McMath to have committed burglary with a battery. Burglary of a dwelling with battery is a level 8 offense regardless of whether a defendant was armed. *See* §§ 810.02(2)(a), 921.0022(3)(h), Fla. Stat. Accordingly, the firearm may serve as a level 9 enhancer

under section 775.087(1). *See Lamont v. State*, 610 So. 2d 435, 438–39 (Fla. 1992) (differentiating firearm enhancement issue based upon whether the jury also found an assault or battery). "[Pro-enhancement] argument would have merit if [the defendant] had been found guilty of burglary with an assault or battery during the commission of the offense." *Id.* at 438.

## III. Conclusion

Based on the above, we affirm McMath's conviction and sentence. We find no abuse of discretion in the trial court's time limitation on voir dire or in the reclassification of the offense level.

AFFIRMED.

OSTERHAUS, C.J., and KELSEY, J., concur.

–––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

–––––––––––––––––––––––––––

Ryan Edward McFarland of Kent & McFarland, Jacksonville, for Appellant.

James Uthmeier, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.